**Ex parte Antonio J. PEÑA.**

No. 04–97–00310–CR.

Court of Appeals of Texas, San Antonio.

July 23, 1997.

Rehearing Overruled Sept. 18, 1997.

Discretionary Review Refused Feb. 4, 1998.

Richard J. Gonzalez, Laredo, for Appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Mary Guevara Capello, Asst. Dist. Atty., Laredo, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and LÓPEZ, JJ.

## OPINION

HARDBERGER, Chief Justice.

This is an appeal of an order denying pertrial habeas corpus relief. By a single point of error Peña argues that the trial court erred in finding good cause for an untimely indictment and in failing to dismiss the prosecution with prejudice. We affirm the trial court's order.

**Background.**

Peña was arrested on October 31st, 1996, and charged with sexual assault. Webb County is served by the 49th[1] and 341st[2] judicial district courts. Grand jury terms for the two district courts which serve Webb County are the same. Peña's arrest occurred at the end of the September term. The "next term" after Peña's arrest was the November term, which ended on Friday, January 3, 1997, or "when the court disposes of its business."[3] Therefore, the prosecution of Peña must be dismissed unless there was good cause shown for the late indictment. *Ex Parte Lawson,* No. 04–96–00265–CR, slip op. at 4, —— S.W.2d ——, ——, 1996 WL 735475 (Tex.App.—San Antonio Dec. 26, 1996, reh pndg).

Testimony and affidavits in the trial court showed that the delay of indictment resulted from problems in the Laredo police department. Detective Bertha Mendez, the arresting officer, was responsible for sexual assault cases and crimes against children, answering telephones, interviewing walk-ins, arranging the video taping of interviews, arranging for medical appointments and examinations, interviewing witnesses, taking photographs and gathering evidence. The division secretary responsible for typing and data entry was on maternity leave. Detective Mendez submitted her hand-written offense report to her supervisor, Sergeant Gasper Ambrose, on December 6, 1996. Sergeant Ambrose, in turn, submitted the copy to the records department for typing and data entry. The records department, however, was backlogged, with four hundred offense reports that needed to be typed and entered into the computer system.

The typed offense report was received by the office of the district attorney on January 29, 1997. Peña was indicted on February 27, 1997, before the conclusion of the grand jury term during which the offense report was received.

Peña's application for a writ of habeas corpus was filed on March 11, 1997, alleging that the indictment was not timely filed within the next term of court as required by article 32.01 of the Texas Code of Criminal Procedure. At the hearing on April 4, 1997, Peña attempted to show "constructive notice" to the district attorney by proving that (1) an assistant district attorney was present at his arrest, (2) the district attorney has computer access to records which showed his arrest and release, and (3) the hand-written offense report was prepared before the end of the November term of the grand jury, and should have been obtained and used by the district attorney. Peña also argues that since the court determined that his bond should be discharged as "stale" under article 22.13, § 4 TEX.CODE CRIM. PROC. ANN. (Vernon 1989), the State admitted the lack of good cause.

---

1. TEX. GOV'T CODE ANN. § 24.151 (Vernon Supp. 1997).

2. TEX. GOV'T CODE ANN § 24.487 (Vernon 1988).

3. TEX. GOV'T CODE ANN. § 24.487(c) (Vernon 1988).

**Statutes to be construed.**

We are required to construe and apply to the facts of this case three statutes.

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon 1989).

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon 1989).

The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken: ... 4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

TEX.CODE CRIM. PROC. ANN. art. 22.13 (Vernon 1989).

The recently concluded Texas Legislature amended these statutes,[4] in response to a number of highly publicized cases which pointed out the severe sanction of dismissal with prejudice unless "good cause" for the delay is shown. *See, e.g., Ex parte Knight*, 904 S.W.2d 722, 725 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). However, the change in the law applies only to the prosecution of defendants arrested after its effective date.[5] It is our duty to apply the law in effect when Peña was arrested as written by the legislature, not as we might prefer it to be. *Lawson*, slip op. at 3, at ——.

**Mootness.**

■ We first address an issue left open in *Lawson*: whether failure to file an application for writ of habeas corpus before indictment renders the application moot. We have held that an application filed *before* indictment is not rendered moot by a subsequent indictment. *Lawson*, slip op. at 7–8, at —— — ——. In *Lawson* the application was filed immediately after the close of the last grand jury term in which an indictment could legally be returned, and before, not *after* the State obtained an indictment. *See Lawson*, slip op. at 6–7, at —— — ——; *Wilkinson v. State*, 899 S.W.2d 20 (Tex.App.—San Antonio 1995, pet. ref'd). However we agree with the reasoning of *Norton v. State*, 918 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1996, pet. filed), which held that there is no distinction between pre-indictment and post-indictment applications. If the indictment is too late, it is too late regardless of when the defendant files his application. We hold that the application is not moot.

**Burden of Proof and Standard of Review.**

■ Once the defendant has shown a failure to indict within the statutory time frame, the burden of proof is upon the State to show "good cause" for the delay. "[W]hether good cause is shown for continu-

---

4. The reference to article 32.01 is deleted from article 28.061, *so that its application is limited to* failure to provide a speedy trial; the time limit in article 32.01 is changed to allow 180 days or until the last day of the next term of court, whichever is later; and a new article 15.14 specifically permits rearrest of the defendant upon subsequent indictment. Act of May 6, 1997, H.B. 749, §§ 1, 2 and 3, 75th Leg., 1st C.S. (To be codified as TEX.CODE CRIM. PROC. ANN. arts. 15.14, and as amendments to arts. 28.061, and 32.01)(effective May 27, 1997).

5. Act of May 6, 1997, H.B. 749, § 4, 75th Leg., 1st C.S. (effective May 27, 1997).

ing a prosecution is committed to the discretion of the trial court." *Ex parte Brian Mallares,* 953 S.W.2d 759, 762 (Tex.App.—Austin 1997, n.w.h.). An appellate court may reverse a trial court's decision for an abuse of discretion "only when it appears that the court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *Du-Bose v. State,* 915 S.W.2d 493, 497–98 (Tex. Crim.App.1996).

### Effect of Discharge of the Bond.

■ We first consider whether discharge of the bail bond on his case pursuant to Article 22.13 Tex.Code Crim. Proc. amounted to a confession by the prosecutor or a ruling by the trial court which negates the "good cause" finding. Peña cites no authority, nor have we found any, for the point he seeks to establish. Although it appears that the trial court could, and perhaps should have "continued" the prosecution of the case beyond the term of the first grand jury following Peña's arrest in order to maintain the original bond in effect, the error, if any, in failing to do so does not affect our disposition of this case.

### Constitutionality.

The State mentions, but does not argue in any depth the constitutional issues presented by the statutes in question. Since we have determined that the trial court did not abuse her discretion in finding "good cause" in this case, it is not necessary for us to address this point.

### Conclusion.

■ Reviewing the evidence in the light most favorable to the trial court's determination, we affirm the order denying habeas corpus relief. The heavy workload and temporary shortage of personnel in the Laredo Police Department adequately explain the delay in processing the offense report to the

prosecutor. The right of Peña to prompt indictment was not significantly harmed by the delay—particularly when it is considered that the two-month terms of the Webb county grand juries afforded him a much more prompt indictment than he might have received in a county with six-month grand jury terms.