Cecil WALLIS and Darlene
Wallis, Appellants,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, Appellee.

No. 04–97–00803–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 10, 1999.

Rehearing Overruled June 29, 1999.

Robert W. Loree, Law Office of Robert W. Loree, San Antonio, for appellant.

Ricky H. Rosenblum, John F. Gillard, Polly J. Estes, Winston H. Hankins, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellee.

Before TOM RICKHOFF, Justice and CATHERINE STONE, Justice and PAUL W. GREEN, Justice.

## OPINION

CATHERINE STONE, Justice.

This insurance dispute arises from United Services Automobile Association's (hereinafter "USAA") denial of Cecil and Darlene Wallis' claim for foundation damage to their home. Following denial of a claim under their homeowner's policy,[1] the Wallises sued USAA for breach of contract, fraud, negligence, bad faith, and violations of the DTPA and Insurance Code. A jury found in favor of the Wallises on their breach of contract claim, but determined that USAA had not acted in bad faith or violated its statutory duties in denying the claim. Both parties moved for judgment, with the trial court granting USAA's motion for judgment notwithstanding the verdict. Because the jury's finding on the amount of damage caused solely by plumbing leaks is not supported by legally sufficient evidence, we affirm the trial court's judgment. The following discussion is limited to that issue.

### Factual and Procedural History

In the spring of 1993, the Wallises noticed evidence of foundation damage in their home. Suspecting such damage was caused by a plumbing leak, the Wallises filed a claim under their homeowner's policy. Through its investigation, USAA determined that the foundation damage was

---

1. The policy at issue is the "all risks" 1991 Texas Standard Homeowner's Policy—Form B.

caused by a combination of several excluded perils under the Wallises' policy, including settlement, poor surface drainage, the topography of the lot, and surrounding vegetation. Plumbing leaks, which are covered perils, were also detected; however, based on soil testing and continued earth settlement following repair of the Wallises' plumbing system, USAA concluded that the leaks were negligible and had not caused or contributed to the complained-of damage. USAA believed improper compaction of the fill dirt upon which the Wallises' foundation rests was the primary source of the problem. Elevation tests indicated that the Wallises' home, which was built upon a sloping lot, had settled as much as fifteen inches on the low end of the hill where soil was placed to create a plane for the foundation. In short, USAA's investigation revealed that the Wallises' home was sliding down the lot. Experts for the Wallises did not refute USAA's evidence regarding the excluded perils. They did, however, challenge the conclusion drawn regarding the effect of the plumbing leaks, and claimed instead that the leaks could not be excluded as a contributing cause of the damage.

At trial, the jury was asked to determine whether "earthquake, landslide, or earth movement," perils excluded under exclusion k of the policy, caused the Wallises' damage. The jury was also charged under question two of the charge with determining whether "accidental discharge, leakage, or overflow of water from within a plumbing system" contributed to the Wallises' damage. The jury answered both questions affirmatively and, under question three, found that thirty-five percent of the Wallises' damage was caused by plumbing leaks.

Both parties moved for judgment. In its motion for judgment notwithstanding the verdict, USAA asserted its entitlement to judgment on the following grounds: (1) damage caused by earthquake, landslide, or earth movement is an excluded peril under exclusion k of the policy, for which

there is no exception; (2) damage to the dwelling caused by plumbing leaks is an excluded peril under exclusion h of the policy; and (3) even if damage caused by a plumbing leak is covered, the Wallises failed to produce any evidence to demonstrate what portion of the loss was caused solely by the plumbing leak. The trial court disregarded the jury's answer to question two, granted USAA's motion for judgment notwithstanding the verdict, and entered a take-nothing judgment in favor of USAA.

## STANDARD OF REVIEW

A judgment notwithstanding the verdict is properly entered only when a directed verdict would have been proper. Tex.R. Civ. P. 301; *Eubanks v. Winn*, 420 S.W.2d 698, 701 (Tex.1967); *Farias v. Laredo Nat'l Bank*, 955 S.W.2d 328, 333 (Tex. App.—San Antonio 1997, pet. denied). When there is no evidence upon which a jury could base its findings, the trial court must direct a verdict. *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 160 (Tex. App.—El Paso 1996, writ denied). We review the record in the light most favorable to the jury's findings, considering only the evidence and inferences which support them and rejecting the evidence and inferences to the contrary. *Navarette v. Temple I.S.D.*, 706 S.W.2d 308, 309 (Tex.1986). Affirmance of the trial court's judgment is proper if it is supported by any ground asserted in the motion for judgment notwithstanding the verdict, even if the trial court's assigned rationale for granting the motion is erroneous. *Cf. Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 90 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.) (reviewing directed verdict); *Prather v. McNally*, 757 S.W.2d 124, 126 (Tex. App.—Dallas 1988, no writ) (reviewing directed verdict).

## CONCURRENT CAUSES DOCTRINE

Texas recognizes the doctrine of concurrent causes. This doctrine provides that when, as in the instant case, covered

and non-covered perils combine to create a loss, the insured is entitled to recover only that portion of the damage caused solely by the covered peril(s). *Travelers Indem. Co. v. McKillip,* 469 S.W.2d 160, 163 (Tex. 1971); *Paulson v. Fire Ins. Exch.,* 393 S.W.2d 316, 319 (Tex.1965); *Warrilow v. Norrell,* 791 S.W.2d 515, 527 (Tex.App.— Corpus Christi 1989, writ denied). To this end, the insured must present some evidence upon which the jury can allocate the damage attributable to the covered peril. *Lyons v. Millers Casualty Ins. Co. of Texas,* 866 S.W.2d 597, 601 (Tex.1993) (citing *Paulson,* 393 S.W.2d at 319).

■ The Wallises contend that the insured's burden to segregate damages has been legislatively overruled by article 21.58 of the Texas Insurance Code. Pursuant to article 21.58, USAA had the burden to establish what part of the Wallises' damage was caused by an excluded peril. The Wallises contend that USAA failed to satisfy its statutorily-mandated burden of proof, and that the trial court thus erred in disregarding the jury's answer to question two. Alternatively, the Wallises argue that the issue of allocation is immaterial because the evidence introduced at trial was that the entire house needed to be repaired. We reject these contentions.

■ Article 21.58 (b) of the Insurance Code provides that:

> In any suit to recover under an insurance contract, the insurer has the burden of proof as to any avoidance or affirmative defense that must be affirmatively pleaded under the Texas Rules of Civil Procedure. Any language of exclusion in the policy and any exception to coverage claimed by the insurer constitutes an avoidance or an affirmative defense.

TEX. INS.CODE ANN. art. 21.58 (Vernon Supp.1998). The Wallises' argument regarding article 21.58 fails because the doctrine of concurrent causation is not an affirmative defense or an avoidance issue. Rather, it is a rule which embodies the basic principle that insureds are entitled to recover only that which is covered under their policy; that for which they paid premiums. It is well established that insureds are not entitled to recover under an insurance policy unless they prove their damage is covered by the policy. *Employers Casualty Co. v. Block,* 744 S.W.2d 940, 945 (Tex.1988) *overruled in part on other ground,* 925 S.W.2d 696 (Tex.1996). The doctrine of concurrent causes limits an insured's recovery to the amount of damage caused solely by the covered peril. Because an insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. *Cf. Telepak v. United Services Auto. Assoc.,* 887 S.W.2d 506, 507–08 (Tex.App.—San Antonio 1994, writ denied) (determining that insured carries burden to establish exception to exclusion because exception to exclusion creates coverage). Moreover, it follows that an insured's failure to carry the burden of proof on allocation could not be immaterial because it is central to the claim for coverage.

■ As noted earlier, in its motion for judgment notwithstanding the verdict, USAA lodged a legal sufficiency challenge to the jury's finding that plumbing leaks, a covered peril, caused thirty-five percent of the Wallises' damage. Viewing the evidence in the light most favorable to the jury's finding, considering only the evidence and inferences which support it and rejecting the evidence and inferences to the contrary, we agree with USAA that there is no evidence to support the challenged finding. The record contains evidence from which the jury could conclude that plumbing leaks had contributed to the Wallises' loss. Indeed, three engineers so testified. The testimony varied, but the jury heard that the plumbing leaks did contribute to the damage, or that the plumbing leaks could have contributed to the damage, or that the plumbing leaks could not be excluded as a contributing factor to the damage. From this testimo-

ny, the jury could believe that plumbing leaks caused part of the complained-of damage. However, the engineers could not indicate the extent to which this peril damaged the Wallises' home. This is fatal to their claim. Although a plaintiff is not required to establish the amount of his damages with mathematical precision, there must be some reasonable basis upon which the jury's finding rests. *Oyster Creek Financial Corp. v. Richwood Investments, II, Inc.*, 957 S.W.2d 640, 649 (Tex. App.—Amarillo 1997, pet. denied). Here, we have neither mathematical precision, nor a basis from which the jury could reasonably infer that **thirty-five percent** of the Wallises' damage was caused by the plumbing leaks. The jury heard no testimony regarding how much of the Wallises' damage was caused by the plumbing leaks. It learned only that plumbing leaks were found. Because there is no evidence upon which the jury could determine that thirty-five percent of the damage was caused by plumbing leaks, the trial court properly granted a take-nothing judgment in favor of USAA. *See McKillip*, 469 S.W.2d at 163; *cf. Texarkana Memorial Hosp. v. Murdock*, 946 S.W.2d 836, 840 (Tex.1997) (relying upon principle of concurrent causation doctrine in determining that plaintiff's award for medical expenses could not stand in light failure to properly segregate expenses).

Contrary to the Wallises' assertion, USAA did not waive its no evidence challenge by not filing a perfecting instrument in this court. Although the trial court did not disregard the jury's answer to question three, we must affirm the trial court's judgment on any ground asserted in the motion for judgment notwithstanding the verdict, even if the trial court's assigned rationale for granting the motion is erroneous. *Cf. Kelly*, 832 S.W.2d at 90; *Prather*, 757 S.W.2d at 126.

At oral argument, counsel for the Wallises argued that *Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738 (Tex.1998), controls this case and requires that we find coverage for the Wallises' loss caused by plumbing leaks. In *Balandran*, the Supreme Court was asked to determine whether the 1991 Texas Standard Homeowner's Policy—Form B, the policy at issue in the instant case, covers damage to the insured's dwelling from foundation movement caused by an underground plumbing leak. *Id.* at 738. The Court found that the policy contained an ambiguity, and following well-settled rules of contract construction, resolved the ambiguity in favor of the insureds, holding that the policy provides coverage. *Id.* at 742–43. The instant case falls outside the reach of a straight *Balandran* analysis in light of the evidence regarding multiple causes. Causation, unlike here, was not disputed in *Balandran;* plumbing leaks caused the entire loss. *Id.* at 739–40. Coverage fails in the instant case, not due to policy interpretation, but because there is not legally sufficient evidence to support the finding on the amount of damage caused solely by plumbing leaks, the only covered peril. Thus, our result today is not in conflict with *Balandran.*

In light of the foregoing discussion, we need not reach the other arguments presented. *See* Tex.R.App. P. 43.3. The judgment of the trial court is affirmed.