KAGAN–EDELMAN ENTERPRISES, Petitioner,

v.

James C. BOND d/b/a Shamrock Construction Company and Gateway Lumber Co., Inc., Respondents.

No. 00–0517.

Supreme Court of Texas.

May 25, 2000.

Jeffrey J. Brookner, Morristown, Michael F. Hord, Houston, for Petitioner.

Bridget Chapman, Oscar Nipper, Donn A. Joers, James D. Cupples, Houston, for Respondents.

PER CURIAM.

James C. Bond and Gateway Lumber Co., Inc. sued Kagan–Edelman Capital Fund Series VII, Ltd., a limited partnership, and its two general partners to determine the validity of liens for improvements to a shopping center owned by the limited partnership. Bond and Gateway also sued Kagan–Edelman Enterprises, which owned no interest in the shopping center or the limited partnership. At the conclusion of a bench trial, the trial court rendered judgment against Bond and Gateway with regard to the liens, declaring them invalid, and accordingly rendered a take-nothing judgment in favor of the limited partnership, its general partners, and Kagan–Edelman Enterprises. Bond and Gateway appealed, but did not list Kagan–Edelman Enterprises as a party or raise any issue on appeal with regard to that entity. The court of appeals, 985 S.W.2d 253, held the liens to be valid, reversed the trial court's judgment in part, and remanded the case for further proceedings as to the limited partnership, its general partners, and Kagan–Edelman Enterprises. 985 S.W.2d at 258.

Kagan–Edelman Enterprises asserts in this Court and Bond and Gateway agree that the court of appeals erred in reversing the trial court's judgment as to Kagan–Edelman Enterprises. Accordingly, the Court severs Kagan–Edelman Enterprise's petition for review, grants that petition pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure without hearing oral argument, reverses the court of appeals' judgment in part, and renders a take-nothing judgment in favor of Kagan–Edelman Enterprises. The petition for review of Kagan–Edelman Capital Fund Series VII, Ltd., and its general partners Lawrence M. Kagan and Darryl B. Edelman is denied.