**ALL SAINTS CATHOLIC CHURCH and the Roman Catholic Diocese of Dallas, Appellants**

v.

**UNITED NATIONAL INSURANCE COMPANY, Appellee.**

No. 05–07–01515–CV.

Court of Appeals of Texas, Dallas.

June 17, 2008.

Mark M. Donheiser, Randal Mathis, Mathis & Donheiser, P.C., Dallas, TX, for Appellant.

David J. Metzler, Cowles & Thompson, P.C., Dallas, TX, Robert Arnold P., Walker Wilcox Matousek LLP, Chicago, IL, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion by Justice MOSELEY.

All Saints Catholic Church and the Roman Catholic Diocese of Dallas (collectively, "All Saints") sued United National Insurance Company ("United National") to recover its costs to replace a roof under an insurance policy covering property damage. All parties moved for summary judgment. The trial court granted United National's motion and denied All Saints' motion. All Saints appeals, claiming the trial court erred in granting United National's motion and in denying their own motion.

All Saints' four issues [1] can be summarized into two contentions: (1) the doctrine

---

1. All Saints' appellants' brief identifies the four issues as follows:

 1. Did United National indemnify the Church for the damages caused by the hail storm?

 2. Does the concurrent loss doctrine apply when there is no damage to the property until the covered loss occurs?

 3. Do the exclusions for wear and tear, etc., apply?

 4. Is the Church limited to recover the amount to repair its roof with a lesser mate-

of concurrent causation does not apply and that they are entitled to the total cost of replacement of the roof under the policy; and (2) the proper measure of the cost of replacement is that which would put the entire roof in a condition equal to its condition when new. For the reasons set forth below, we affirm the trial court's judgment.

## BACKGROUND

United National issued a commercial insurance policy to All Saints covering its property for the period of July 1, 2002 to July 1, 2003. Under the policy, hail was a covered peril, but wear and tear as well as latent defects were excluded. All Saints' roof was made with Hardi–Slate tiles, which allegedly absorb excessive moisture and rot, break, deteriorate, or otherwise fail when installed and incorporated on buildings and structures. Hardi–Slate tiles also allegedly suffer from delamination (separating into layers) or deconsolidating (crumbling or disintegrating).

On April 5, 2003, a hailstorm caused damage to portions of All Saints' roof. Because of the prematurely-aged Hardi–Slate tiles, the hail damaged tiles could not be "spot" repaired; the non-hail damaged tiles could not withstand the repairs without breaking. Thus, the entire roof needed to be replaced to prevent it from leaking.

United National paid All Saints $83,816, the amount necessary to replace only those tiles damaged by hail. All Saints chose to replace the roof with less expensive materials for $99,560. All Saints brought suit to recover the total cost for replacement of the Hardi–Slate roofing tiles, estimated between $159,600 and $196,875. All Saints and United National filed cross-motions for summary judgment and stipulated several facts. The trial court granted United National's motion, and denied All Saints'.

## STANDARD OF REVIEW AND APPLICABLE LAW

■ The standards for reviewing summary judgments are well established, and we follow them in reviewing this appeal. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) (summary judgment standards of review). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered or reverse and remand if neither party has met its summary judgment burden. *Id.; Al's Formal Wear of Houston, Inc. v. Sun*, 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

■ Under the doctrine of concurrent causation, where covered and non-covered perils combine to create a loss, the insured is entitled to recover only that portion of the damage caused solely by the covered peril. *Travelers Indemnity Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex.1971); *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302–03 (Tex.App.-San Antonio 1999, pet. denied). The doctrine of concurrent causation is not an affirmative defense or an avoidance issue; rather, it is a rule embodying the basic principle that insureds are not entitled to recover under their insurance policies unless they prove their damage is covered by the policy. *Wallis*, 2

rial, simply because United National would not pay for the contractually obligated re-

pairs to place the roof in the same condition as it was when new?

S.W.3d at 303. The burden is on the insured to prove coverage. *Id.*

### DISCUSSION

The policy states that United National will indemnify All Saints for loss or damage based on the lesser of the cost to repair, rebuild or replace the damaged property in a condition equal to, but not superior to, or more expensive, than its condition when new. The policy covers damage caused by hail, but not damage caused by wear and tear or by latent defects in the roofing materials.

 All Saints contend that the doctrine of concurrent causation does not apply and that United National is bound by the policy to replace the entire roof. All Saints argues that even though the Hardi–Slate tiles were prematurely-aged, the roof functioned properly before the hailstorm. After the hailstorm, the roof no longer functioned; it no longer kept the rain out. Thus, the damage was not caused by the aged, defective Hardi–Slate tiles, but by the hailstorm alone. Because the only way to repair the roof is to replace it, All Saints argues that under the policy United National must pay the cost to replace the roof in a condition equal to when it was new.

All Saints further argues that United National is seeking a deduction from the cost of repair for betterment because the undamaged tiles must be replaced, which Texas law does not allow. In support of this contention, All Saints relies on *Great Texas County Mutual Insurance Co. v. Lewis*, 979 S.W.2d 72 (Tex.App.-Austin 1998, no writ). There, the insured sustained covered damage to his car engine from an accident. The engine had 110,000 miles on it, 75% of its useful life. *Id.* at 73–74. The insurance company paid the cost of replacement minus a charge for betterment, because the insured would get a windfall receiving a new engine to re-

place the old one. *Id.* The policy required repairs or replacement to be of like kind and quality. *Id.* at 73. The court held this language permitted, but did not require, the engine to be the exact same age or in the exact same condition; rather, the words "repair" or "replace" mean restoration to a condition substantially the same as that existing before the damage was sustained. *Id.* at 74. All Saints argues that the language of its policy, to repair or replace the roof in a condition equal to when it was new, is stronger than the language in *Lewis;* therefore, the roof should be restored to at least a condition substantially the same as that existing before the damage was sustained, and that condition is one of a functioning roof that keeps the rain out.

We reject All Saints' arguments. The policy obligates United National to indemnify All Saints—not for the costs of a roof—but for the cost to repair, rebuild or replace damaged property, including property damaged by hail and excluding property damaged by wear and tear and latent defects. The hailstorm damaged some of the tiles in All Saints' roof, but not all of them. As All Saints argued below and here, the remaining tiles were "functioning properly" after the hailstorm. Under the policy, United National is obligated to indemnify All Saints for the cost of repairing, rebuilding, or replacing the tiles damaged by the hailstorm—and those tiles only. Any other tiles constituting "damaged property" under the policy were not reduced to that condition by the hailstorm, but by wear and tear and the nature of the Hardi–Slate tiles. Although the hailstorm brought their condition to the forefront, it does not change the fact that these tiles were not damaged by a covered peril. *See Wallis*, 2 S.W.3d at 303 (insurer not liable for damage caused by non-covered perils).

To the extent All Saints insists on treating the roof as a single, integrated unit, we conclude the doctrine of concurrent causation does apply. Part of the loss of the roof resulted from a covered peril-the hailstorm, while part of the loss resulted from non-covered perils-wear and tear and latent defects. Thus, covered and non-covered perils combined to cause the loss of the roof, and the insured is entitled to recover only that portion of the damage caused solely by the covered peril. *See Wallis*, 2 S.W.3d at 302–03; *McKillip*, 469 S.W.2d at 163 (holding insured only entitled to proven damage from covered peril, wind; not non-covered peril, snow); *U.S. Fire Ins. Co. v. Matchoolian*, 583 S.W.2d 692, 693–94 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.) (holding insured only entitled to proven damage from covered peril, wind; not non-covered peril, rain). Thus All Saints is not entitled to recover the cost of replacement of the non-hail damaged tiles.

Moreover, All Saints' reliance on *Lewis* is misplaced. There the insured was being denied a new engine in replacement of an old one damaged by one covered peril. *See Lewis*, 979 S.W.2d at 73–74. Here, United National did not deny All Saints new tiles of the same quality to replace those damaged by the covered peril, hail; it only denied the cost of new tiles to replace those damaged by the non-covered perils of wear and tear or latent defects. Thus, United National did not seek or obtain an improper deduction for betterment. *See Wallis*, 2 S.W.3d at 302–03; *McKillip*, 469 S.W.2d at 163.

All Saints is entitled only to the amount necessary to repair the hail-damaged tiles. *See Wallis*, 2 S.W.3d at 303; *McKillip*, 469 S.W.2d at 163. It has already received this from United National in the amount of $83,816. Thus, we conclude the trial court properly granted summary judgment in favor of United National. We resolve All Saints' issues against it. We affirm the trial court's judgment.