Opinion issued December 3, 2009

 

 

 

 

 



 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00605-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PAT KELLY SPECK, Appellant

 

V.

 

DRY BONES COFFEE HOUSE d/b/a DRY BONES COFFEE HOUSE,
INC., Appellee

 

 



On Appeal from the County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 844806

 

 



MEMORANDUM OPINION

          After
a jury returned a favorable verdict on Speck’s unjust enrichment claim against
Dry Bones Coffee House, Inc. (Dry Bones), the trial court granted Dry Bones’
motion for judgment notwithstanding the verdict.  On appeal, Speck contends that although Dry
Bones moved for JNOV solely on the grounds of legally insufficient evidence of
unjust enrichment, the trial court instead granted JNOV based on Speck’s
inability to recover on the theory of quantum meruit.  Speck also applies for a writ of mandamus to
compel the entry of judgment on the verdict, arguing that the trial court
abused its discretion in granting Dry Bones’ motion for JNOV.  We hold that Speck failed to challenge Dry
Bones’ assertion of legally insufficient evidence of unjust enrichment, an
independent ground that supports the judgment, and therefore affirm the
judgment of the trial court.  We hold
that an adequate remedy by appeal exists, and therefore deny Speck’s
application for a writ of mandamus.

Background

Throughout 2004 and 2005, Speck performed
repairs and renovations on property owned by First Evangelical Lutheran Church
of Houston (FELC) and Dry Bones, a corporation wholly owned by FELC.  In 2005, after FELC and Dry Bones failed to
pay Speck for his efforts, Speck sued for breach of contract, sworn account,
and quantum meruit.  FELC and Dry Bones
moved for summary judgment only on Speck’s quantum meruit claim, but the trial
court granted summary judgment on all three claims.  We affirmed the summary judgment on the quantum
meruit claim, but reversed and remanded the breach of contract and sworn
account claims.  See Speck v. FELC, 235 S.W.3d 811, 819 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).  On remand, Speck
amended his petition to drop the claim for quantum meruit and to add a claim
for unjust enrichment.

At trial, the jury found that (1) an
agreement existed between Speck and FELC, (2) Speck suffered economic loss of
$19,401.65, (3) Dry Bones was unjustly enriched, and (4) damages for unjust
enrichment equaled $8,833.23.  Both FELC
and Dry Bones moved for JNOV, with Dry Bones solely arguing that Speck failed
to produce legally sufficient evidence to support the jury’s verdict on the unjust
enrichment claim.  The trial court
granted Dry Bones’ motion for JNOV and entered a take-nothing judgment against
Speck.  Although the trial court denied
FELC’s motion, the court also found that FELC was entitled to an offset equal
to the amount of the jury verdict, and therefore ordered Speck to take nothing
from either defendant.  Speck only
appeals the grant of Dry Bones’ JNOV, and thus Dry Bones is the only appellee
properly before this court.  See Kagan-Edelman Enters. v. Bond, 20
S.W.3d 706, 707 (Tex. 2000) (per curiam) (holding that failure to raise issue
regarding appellee waives ability to obtain relief from that appellee).

According to Speck, at the time the
trial court granted Dry Bones’ motion for JNOV, the court stated that Speck
“was not entitled to recover under the legal theory of quantum meruit.”  The trial court, in its final judgment, noted
that the jury found unjust enrichment on the part of Dry Bones and stated that
“the Court was of the opinion that . . . the [JNOV] motion
of Dry Bones [should be] granted.”  The
final judgment includes no mention of quantum meruit.  Speck did not request a reporter’s record of
the trial, nor did he present any documentation or record of what occurred at
the hearing on the motions for JNOV.

Discussion

Speck’s only argument on appeal is
that the trial court erroneously granted Dry Bones’ motion for JNOV on the
grounds that Speck was not entitled to recover under quantum meruit, a cause of
action Speck did not plead.  Speck does
not argue that, contrary to Dry Bones’ assertions in its motion for JNOV, he
presented legally sufficient evidence of unjust enrichment.  Therefore, we need not perform the usual
sufficiency of evidence analysis for judgments notwithstanding the verdict.  See,
e.g., Tanner v. Nationwide Mut. Fire
Ins. Co., 289 S.W.3d 828, 830 (Tex. 2009) (stating sufficiency of evidence
standard for appellate review of JNOV).

          We
have previously held that the appellant bears the burden of bringing forward a
sufficient record on appeal to show the error committed by the trial
court.  See Nicholson v. Fifth Third Bank, 226 S.W.3d 581, 583 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); see
also Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990) (“The burden is on the appellant to see that a
sufficient record is presented to show error requiring reversal.”); Guillot v. Guillot, No. 01-06-01039-CV, 2008
Tex. App. LEXIS 4831, at *11 (Tex. App.—Houston [1st Dist.] June 26, 2008, no
pet.) (mem. op.) (“An appellant waives an issue by failing to present an
adequate record to the appellate court to demonstrate the trial court’s
reversible error.”).  Texas Rule of
Appellate Procedure 38.1(i) requires an appellant’s brief to contain “a clear
and concise argument for the contentions made, with appropriate citations to authorities and to the record.”  Tex. R. App. P. 38.1(i) (emphasis
added).

          Dry
Bones’ motion for JNOV contained the following sole ground:

Because the admissible evidence was legally
insufficient to support the jury’s answer to either question [on unjust
enrichment], Defendants are entitled to judgment notwithstanding that
verdict.  First, as to the liability
question, there was absolutely no evidence . . . that Dry
Bones wrongfully secured a benefit through fraud, duress or taking undue
advantage of Speck, or passively received a benefit which it would be unconscionable
to retain.

 

In its final judgment, the trial
court stated the following:

The jury further found that Dry Bones, Inc. was
unjustly enriched.  Subsequent to the
jury’s verdict both First Evangelical Church of Houston and Dry Bones Coffee
House moved for Judgment not withstanding the jury’s verdict and the Court was
of the opinion that . . . the motion of Dry Bones Coffee
House [should be] granted.

 

Neither Dry Bones’ motion for JNOV
nor the final judgment contains any mention of quantum meruit.  In his brief, Speck asserts that “[t]he trial
court . . . stat[ed] from the bench that Appellant was not
entitled to recover under the legal theory of quantum meruit.”  Speck does not cite to any portion of the
record to support this assertion.  Speck
did not request a reporter’s record from either the trial or the hearing on Dry
Bones’ motion for JNOV.  All we have
before us on this issue are the following: 
(1) Dry Bones’ motion for JNOV, which does not mention quantum meruit,
(2) the trial court’s final judgment, which likewise does not mention quantum
meruit, and (3) Speck’s assertion on appeal that the trial court orally stated
that Speck could not recover for quantum meruit and thus granted Dry Bones’
motion for JNOV on this ground, and not because Speck produced legally
insufficient evidence of the unjust enrichment claim.  We hold that Speck did not meet his burden to
bring forward a sufficient record to show that the trial court committed
reversible error.  See also Labrador Oil Co. v. Norton Drilling Co., 1 S.W.3d 795, 803
(Tex. App.—Amarillo 1999, no pet.) (overruling issue when appellant failed to
direct appellate court to portions of record supporting its complaint).

          Generally,
an appellant must “attack all independent bases or grounds that fully support a
complained-of ruling or judgment.”  Britton v. Tex. Dep’t of Crim. Justice,
95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see also Tex. Dep’t of Transp. v. City of
Sunset Valley, 92 S.W.3d 540, 546 (Tex. App.—Austin 2002) (“When a separate
and independent ground that supports a judgment is not challenged on appeal,
the appellate court must affirm the lower court’s judgment.”), rev’d on other grounds, 146 S.W.3d 637
(Tex. 2004).  As the San Antonio Court of
Appeals has observed:  “[a]ffirmance of
the trial court’s judgment is proper if it is supported by any ground asserted
in the motion for judgment notwithstanding the verdict, even if the trial
court’s assigned rationale for granting the motion is erroneous.”  Wallis
v. United Servs. Auto. Ass’n, 2 S.W.3d 300, 302 (Tex. App.—San Antonio
1999, pet. denied); see also Guar. County Mut. Ins. Co. v. Reyna, 709
S.W.2d 647, 648 (Tex. 1986) (per curiam) (“We must uphold a correct lower court
judgment on any legal theory before it, even if the court gives an incorrect
reason for its judgment.”).  If the
appellant does not attack all independent grounds supporting the judgment, we
must affirm.  See Britton, 95 S.W.3d at 681. 
In Britton, we reasoned that:

[I]f an independent ground fully supports the
complained-of ruling or judgment, but the appellant assigns no error to that
independent ground, then (1) we must accept the validity of that unchallenged
independent ground, and thus (2) any error in the grounds challenged on appeal
is harmless because the unchallenged independent ground fully supports the
complained-of ruling or judgment.

 

Id.  The Britton
trial court granted TDCJ’s plea to the jurisdiction without specifying the
grounds for its decision.  Id. at 680.  On appeal, Britton only attacked two out of
six grounds raised by TDCJ in its plea, and since the other four independent
grounds presented by TDCJ all supported the judgment of the trial court, we
affirmed.  See id. at 680, 682.  Speck
failed to challenge Dry Bones’ legal sufficiency contention; thus, an
independent ground fully supports the judgment of the trial court, and we must
affirm the grant of Dry Bones’ motion for JNOV.[1]

Speck’s Application for a Writ of Mandamus

          Speck
also argues that the trial court abused its discretion by granting Dry Bones’ motion
for JNOV on quantum meruit grounds and requests a writ of mandamus ordering the
trial court to enter judgment on the verdict. 
We will grant mandamus relief only when “the trial court has clearly
abused its discretion and the relator lacks an adequate appellate remedy.”  In re
Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  Mandamus is not appropriate when the
relator’s grievance can be addressed by remedies such as a normal appeal.  See
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  If an appellate court holds that the trial
court erroneously granted a motion for JNOV, the appropriate action is to reverse
the judgment of the trial court and render judgment on the verdict.  See
Jackson v. Ewton, 411 S.W.2d 715, 717 (Tex. 1967); McDade v. Tex. Commerce Bank, N.A., 822 S.W.2d 713, 720 (Tex.
App.—Houston [1st Dist.] 1991, writ denied) (“When an appellate court holds
that a trial court has erroneously entered a judgment n.o.v., the appellate
court must reverse the trial court’s judgment and enter judgment in accordance
with the verdict.”).  Because an
appellate court can provide an adequate remedy on direct appeal, mandamus relief
is not available in a challenge to the trial court’s grant of a motion for JNOV.

Conclusion

We hold that Speck failed to present
a sufficient record on appeal to show that the trial court erred in granting
Dry Bones’ motion for JNOV.  Speck also
failed to challenge Dry Bones’ assertion in its motion that Speck failed to
present legally sufficient evidence to support the jury’s finding of unjust
enrichment.  Since an independent legal
ground exists to support the grant of Dry Bones’ motion for JNOV, we affirm the
judgment of the trial court.  We deny
Speck’s application for a writ of mandamus.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1] We note that without a reporter’s record of the
trial, even if Speck challenged Dry Bones’ legal sufficiency argument, we would
be unable to perform a legal sufficiency review and analysis.  See
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (“An appellant
must either comply with [the predecessor to Texas Rule of Appellate Procedure
34.6(c)] or file a complete statement of facts; otherwise, it will be presumed
that the omitted portions are relevant to the disposition of the
appeal.”).  When an appellant appeals
with neither a complete nor a partial reporter’s record, as allowed by Rule
34.6(c), we presume that the omitted portions of the record support the trial
court’s judgment.  See Richards v. Schion, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st
Dist.] 1998, no pet.).