# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 29, 2021

Lyle W. Cayce
Clerk

No. 21-10424
Summary Calendar

Methodist Hospitals of Dallas, doing business as Methodist Health System,

*Plaintiff—Appellant*,

*versus*

Affiliated FM Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-1504

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

This insurance dispute arose after Methodist Hospitals of Dallas ("Methodist") lost $8 million in sterile medical supplies. The loss occurred after a thunderstorm cut off the power at a Methodist hospital, which in turn

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

caused two of the hospital's chiller units to shut down. The resulting rise in temperature and humidity rendered certain medical supplies unfit for use.

Methodist filed a claim with Affiliated FM Insurance Co. ("AFM") for the damaged supplies. Under the insurance policy, AFM covered "all risks of physical loss or damage" to the hospital's property, subject to certain exclusions. Among those exclusions: losses caused by or resulting from changes in temperature or humidity. AFM invoked this exclusion and denied Methodist's claim. Methodist then sued, arguing that the exclusion applies only if a change in temperature or humidity is the sole cause of the loss, rather than one of several causes in a chain of events.

The district court, sitting in diversity, granted AFM's motion for summary judgment. In doing so, the court noted that Texas follows the concurrent-causation doctrine when covered and non-covered perils combine to cause a loss. Under that doctrine, a policy exclusion is triggered—and the insurer owes nothing—when the covered and non-covered perils cannot be separated into independent causes. *Dillon Gage, Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Policy No. EE1701590*, 992 F.3d 401, 405 (5th Cir. 2021).

Here, the covered and non-covered perils were interdependent—a storm caused the power surge, the power surge caused the chillers to shut down, and the disabled chillers caused the temperature and humidity to rise. The district court thus held that the concurrent-causation doctrine bars recovery. We affirm.

On appeal, Methodist argues that the concurrent-causation doctrine does not apply, and it asks us to certify the question to the Texas Supreme Court. In Methodist's view, Texas law is unsettled on whether the doctrine applies to an all-risk insurance policy like the one here. But the Texas Supreme Court has discussed concurrent causation in the context of all-risk

No. 21-10424

policies. *See JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015); *Dillon Gage, Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Policy No. EE1701590*, No. 21-0312, _ S.W.3d _, 2021 WL 5750553, at *4 (Tex. Dec. 3, 2021). Texas appellate courts have likewise applied the doctrine to such policies. *See All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800, 802–04 (Tex.App.—Dallas 2008, no pet.); *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302–03 (Tex.App.—San Antonio 1999, pet. denied). And so have we. *See Seahawk Liquidating Trust v. Certain Underwriters at Lloyds London*, 810 F.3d 986, 994–96 (5th Cir. 2016) (explaining that the concurrent-causation doctrine is a default rule under Texas law that "applies whenever a policy delineates covered and excluded perils and such perils combine to cause a loss").

Accordingly, this case does not present an unsettled question of state law meriting certification. We hold that the concurrent-causation doctrine applies, and under that doctrine, the temperature/humidity exclusion bars recovery, because the other events in the causal chain did not independently harm Methodist's medical supplies.[1]

Affirmed.

---

[1] A central theme of Methodist's brief is that we would nullify the structure of the insurance policy by applying the concurrent-causation doctrine to the temperature/humidity exclusion. That is because the policy has another group of exclusions subject to an anti-concurrent-causation clause, and according to Methodist, this clause would be superfluous if we apply the default rule of concurrent causation elsewhere in the policy. Not so. As the name suggests, an *anti*-concurrent-causation clause displaces the default rule of concurrent causation where the clause applies. *See JAW The Pointe*, 460 S.W.3d at 608. And here, the clause applies to one set of exclusions, but not to the temperature/humidity exclusion.