EDWARD C. PRADO, Circuit Judge:
Plaintiff-Appellant Patrick Burell filed a claim for long-term disability benefits with Defendant-Appellee Prudential Insurance Company of America (“Prudential”). Prudential denied Burell’s initial claim and two subsequent appeals. Burell then filed suit against Prudential under the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. § 1001 et seq., alleging that its denial of his long-term disability-benefits claim was- in error. The district court granted summary judgment -in favor of Prudential, and we affirm. ■
I. FACTUAL AND PROCEDURAL BACKGROUND
In 1985, Burell began working as an entry-level technician for Methodist Healthcare Systems (“MHS”). After 26 years, he ended his career as Director of Biomedical Services for all San Antonio MHS facilities. As an employee of MHS, Burell participated in the company’s insurance plan (“the Plan”), which is provided through- HCA Management Services, L.P. Prudential acts as both administrator and insurer of the-Plan. -In order to qualify for long-term disability benefits, a claimant must meet the following definition of “disabled”: the claimant must (1) be “unable to perform the material and substantial duties of [his or her] regular occupation due to [his or her] sickness or injury (2) be “under the regular care of a doctor”; and (3) suffer “a 20% or more loss in [his or her] monthly earnings due to that sickness or injury.”
Burell was diagnosed with multiple sclerosis (“MS”) in 2008. Citing worsening symptoms of MS, in September 2011, Bu-rell went on medical leave and filed for long-term disability benefits with Prudential, claiming that he qualified for benefits under the Plan due to MS, headaches, depression, and anxiety. In January 2012, he stopped working altogether, ending his employment with MHS. In support of his claim, Burell submitted medical records from his treating physicians and a psychiatrist. Prudential hired Heidi Garcia, a registered nurse, and 'Dr. Alan Neuren,.-who is board certified in neurology, to review Burell’s claim. Dr. Neuren found that Burell’s diagnosis of MS was unsupported by his medical records., He also found it unlikely that Bu-rell suffered any cognitive impairments, opining that job stress is “likely the source of- his complaints as opposed to a neurological disorder.” Garcia focused her review on Burell’s claim of depression and anxiety, ultimately finding that any cognitive symptoms he was experiencing were not sufficient to prevent him from working. Based on their reports and the medical records submitted, Prudential denied Burell’s claim for long-term disability benefits.
Burell then appealed the decision through Prudential’s internal review process. On appeal, his claim was reviewed by Dr.- Stuart- Isaacson, who is board certified in psychiatry and neurology, and Dr. James Boone, who is a clinical neuropsy-chologist; " Dri Isaacson found that Burell did not meet the diagnostic criteria for MS and did not have “any medically necessary restrictions and/or limitations from any one condition or combination of condi *136 tions.” Dr. Boone found that BurelTs “file records do not validly support psychological and/or cognitive symptoms” and that he has no “medically necessary restrictions and/or limitations.” Based on the opinions of these physicians and BurelTs medical records, which included additional documentation submitted during the appeal process, Prudential again denied BurelTs claim.
Burell next sent Prudential a letter demanding the benefits he believed he was owed under the Plan. Prudential treated this demand letter as a second appeal and had the claim further reviewed by. Dr. Omuwunmi Osinubi, who is board certified in anesthesiology and- occupational, medicine, and Dr. Melvyn Attfield. Dr. Osinubi found that although BurelTs medical records did in fact support a diagnosis of MS, he did not have any physical limitations due to the disease. Dr. Osinubi was unable to make a finding on BurelTs alleged cognitive impairments and suggested an additional neuropsychological review be performed. Upon Dr. Osinubi’s recommendation, Dr. Michael Chafetz,-who is board certified in clinical neuropsychology, performed an independent neuropsycho-logical evaluation, finding that Burell did not suffer any cognitive impairments. • On the basis of these opinions and BurelTs medical records, which included additional documentation submitted during the second appeal process, Prudential denied Bu-relTs claim for a third time; ;
In April 2013, Burell filed suit, against Prudential under 29 U.S.C. § 1132(a)(1)(B) and (a)(3), alleging that Prudential wrongfully denied his claim for long-term disability benefits. In December 2014, the district court granted summary judgment in favor of Prudential, and Burell timely appealed.
II. DISCUSSION
The district court had jurisdiction over this' suit under 29 U.S.C. § 1132(e). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.
In ERISA actions, “[standard summary judgment rules control.” Cooper v. Hewlett-Packard Co., 592 F.3d 645, 651 (5th Cir.2009) (quoting Vercher v. Alexander & Alexander Inc., 379 F.3d 222, 225 (5th Cir.2004)). This Court reviews a district court’s grant óf summary judgment de novo, yiewing “all facts and evidence in the light most favorable to the non-moving party.” Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co., 784 F.3d 270, 273. (5th Cir.2015); Summary judgment is appropriate “if the movant shows that there is no .genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists when “the evidence is such that a reasonable jury could return a , verdict for the nonmoving party.” Savant v. APM Terminals, 776 F.3d 285, 288 (5th Cir.2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
A. Underlying. Standard of Review
As a preliminary matter, Burell challenges the standard of review the district court used -in analyzing Prudential’s denial of his claim. • The -district court reviewed the denial for- an abuse of discretion, while Burell. argues that the court should have reviewed the denial de novo. “ “Whether the district court employed-the appropriate standard in reviewing am eligibility .determination made by an ERISA plan- administrator is a question of law* that we review de novo,” Green v. Life Ins. Co. of N. Am., 754 F.3d 324, 329 (5th Cir.2014) (quoting Ellis v. Liberty Life *137 Assurance Co. of Bos., 394 F.3d 262, 269 (5th Cir.2004)).
Generally, in suits brought under 29 U.S.C. § 1132(a)(1)(B), district courts review the denial of a long-term disability-benefits claim de novo. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). But, if the benefits plan the suit is brought under “gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan,” id., the denial of benefits is reviewed for an abuse of discretion, Holland, v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 246 (5th Cir.2009). Therefore, in order to determine whether the district court applied the correct standard of review, we must consider whether the terms of the Plan grant Prudential the authority to interpret the Plan and make benefits decisions.
As the district court correctly explained, the terms of the Plan expressly give Prudential discretionary authority. Specifically, the Plan defines “Claim Fiduciary” as follows:
Claims Fiduciary means an individual or entity, designated .in the Plan (including the Summary Plan Description, Insurance Contracts or appendices, which are part of the Plan) or otherwise appointed by the Plan Administration Committee, to have final discretionary authority to interpret the terms of the Plan and decide questions of fact, as' necessary to make a determination as to whether the Claims presented to the Claims Fiduciary are payable, in whole or in part, in accordance with the terms of the Plan.
The Summary Plan Description (“SPD”) designates Prudential as the Claims Fiduciary: “All claims and appeals are handled by Prudential. Prudential has absolute discretion in deciding claims and appeals.” As the Plan expressly gives Prudential discretionary authority,[1] the district court did not err in reviewing the denial of Bu-rell’s long-term disability-benefits claim under an abuse of discretion standard.
Burell argues, that the district court improperly relied on language in the SPD. We find this argument unavailing. Typically, the terms of a SPD are not controlling unless the SPD is incorporated into the plan. See Engleson v. Unum Life Ins. Co. of Am., 723 F.3d 611, 620 (6th Cir.2013); Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1131-32 (10th Cir.2011). In his brief, Burell concedes that “[o]nly the plan may subsume an [sic] SPD by integrating it in the plan’s express terms.” ■ In this case, the Plan expressly integrates the SPD in several places. For example, the Plan states that “[t]he Plan document is comprised of this Plan document and, with respect to, each benefit program included within the Plan, the summary plan description^) applicable to that benefit program.” The definition of “Claims Fiduciary” above also expressly incorporates the SPD: “Claims Fiduciary means an individual or entity, designated in the Plan (including the Summary Plan Description, Insurance Contracts or appendices, which are part of the Plan).” Therefore, because the Plan expressly incorporates the SPD, the district court did not err in relying on its language.
*138 Burell makes several additional arguments in support of a less deferential standard of review. First, because Prudential serves as both the insurer and administrator of the Plan, Burell argues that a structural conflict of interest exists, and, as such, the district court should have deferred to Prudential’s denial on a “sliding scale.” A conflict of interest exists when the plan administrator “both evaluates claims for benefits and pays benefits claims.” Truitt v. Unum Life Ins. Co. of Am., 729 F.3d 497, 508 (5th Cir.2013), cert. denied, — U.S. -, 134 S.Ct. 1761, 188 L.Ed.2d 593 (2014) (quoting Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 112, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008)). Therefore, Prudential’s role as both administrator and insurer is a structural conflict of interest. But, a structural conflict alone does not entitle Burell to an altered standard of review, as this Court “no longer applies] a ‘sliding scale’ standard.” Holland, 576 F.3d at 247 n. 3. Rather, as discussed below, a structural conflict of interest is “but one factor among many that a reviewing judge must take into account” in determining whether an abuse of discretion occurred. Id. at 248 (quoting Glenn, 554 U.S. at 116, 128 S.Ct. 2343).
Second, Burell contends that the district court should have altered the standard of review because of Prudential’s “flagrant procedural violations.” But, as Burell concedes, in Lafleur v. Louisiana Health Service and Indemnity Co., 563 F.3d 148 (5th Cir.2009), this Court specifically declined to “express [an] opinion on whether flagrant procedural violations of ERISA can alter the standard of review.” 563 F.3d at 159. As none of Prudential’s alleged procedural violations rise to the level of flagrant, we again decline to address this question.
Therefore, because the Plan expressly grants Prudential discretionary authority, we hold that the district court' correctly reviewed Prudential’s denial for an abuse of discretion. As such, our de novo review of its summary judgment ruling will also apply the abuse of discretion standard. See Cooper, 592 F.3d at 651.
B. Denial of Long-Term Disability-Benefits Claim
Burell urges that even under an abuse of discretion standard, the district court should not have granted summary judgment in favor of Prudential. An abuse of discretion occurs when “the plan administrator acted arbitrarily or capriciously.” Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 214 (5th Cir.1999) (quoting Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir.1994)). “A decision is arbitrary only if ‘made without a rational connection between the known facts and the decision or between the found facts and the evidence.’ ” Id. at 215 (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 828 (5th Cir.1996)). Therefore, to survive summary judgment, Burell must raise a genuine dispute of material fact that Prudential’s denial of his long-term disability-benefits claim was arbitrary or capricious. Because Burell has failed to do so, we affirm the district court’s grant of summary judgment.
Burell argues that Prudential abused its discretion by ignoring the findings of his treating physicians, emphasizing the fact that his treating physicians diagnosed him with MS. But, in its letter denying Burell’s second appeal, even Prudential concedes that “Burell may meet the clinical requirements for the diagnosis of MS.” Regardless of any disagreement between Prudential’s claim reviewers, a diagnosis of MS is not sufficient on its own for Burell to qualify for long-term disability benefits under the Plan. To qualify, *139 Burell’s MS must also render him “unable to perform the material and substantial duties of [his] regular occupation.” None of the health care providers consulted by Prudential found that Burell had physical or cognitive impairments. Therefore, Prudential’s “decision simply came down to a permissible choice between the position, of [the administrator’s] independent medical consultant[s], and the position of [the claimant’s physicians],” which does not amount to an abuse of discretion in this Circuit. Sweatman, 39 F.3d at 602 (third alteration in original) (quoting Donato v. Metro. Life Ins. Co., 19 F.3d 375, 380 (7th Cir.1994)); see also Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) (“Plan administrators are not obliged to accord special deference to the opinions of treating physicians”); Gothard v. Metro. Life Ins. Co., 491 F.3d 246, 249-50 (5th Cir.2007) (“[P]lan fiduciaries are allowed to adopt one of two competing medical views.”). “This is so even if the consulting physician only reviews medical records and never physically examines the claimant, taxing to credibility though it may be.” Gothard, 491 F.3d at 249.
Burell also argues that Prudential failed to give proper weight to the Social Security Administration’s (“SSA”) determination that he was disabled and entitled to benefits. But, as the district court noted, the eligibility criteria for Social Security benefits differ from the eligibility criteria under the Plan. Despite this difference, during Burell’s second appeal Prudential specifically requested that Burell submit documentation related to the SSA’s benefit award for consideration in Prudential’s review process. Prudential’s failure to give even further, weight to the SSA’s decision cannot be. characterized as unreasonable.
As noted above, because Prudential is both the Plan administrator and the insurer, a structural conflict of interest exists. This conflict of interest influences our analysis of whether an abuse of discretion. occurred. “[C]onflicts are but one factor among many that a reviewing, judge must take into account” and “[a]ny. one factor will act as a tiebreaker when the other factors are closely balanced.” Truitt, 729 F.3d at 508 (first alteration in original) (quoting Glenn, 554 U.S. at 116—17, 128 S.Ct. 2343). “The conflict of interest ..,. should prove more important (perhaps of great importance) .where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.”. Id. at 508-09 (quoting Glenn, 554 U.S. at 117, 128 S.Ct. 2343). Burell has failed to point to anything in the record that indicates Prudential’s conflict of interest actually affected the denial of his claim.
Relatedly, while not an independent basis for finding an ábuse of discretion, procedural unreasonableness “is a factor that informs whether the ‘reviewing court may give more weight to [the plan administrator’s] conflict of interest.’” Id. at 510 (alteration in original) (quoting Schexnayder v. Hartford Life & Accident Ins. Co., 600 F.3d 465, 469-71 (5th Cir.2010)). Even assuming that Burell’s allegation of procedural irregularities is true, in light of Prudential’s thorough claim review and appeal process, Burell has failed to demonstrate that this one factor is sufficient to raise a genuine dispute of material fact that Prudential abused its discretion. See Holland, 576 F.3d at 248-49.
Burell also argues that Prudential abused its discretion by ignoring and failing to properly investigate two grounds for long-term disability benefits— anxiety and .■ depression. Prudential argues that Burell waived this argument by *140 failing to raise it in the district court. “If a party fails to- assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.” Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir.2005) (quoting Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir.2002)). To preserve an argument, it must be raised “to such a degree that the district court has an opportunity to rule on it.” Id. at 340 (quoting N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 n. 4 (5th Cir.1996)). In his response to Prudentials summary judgment motion, Burell made only passing reference to this argument in the fact section of his summary judgment response. This brief reference was insufficient to give the district court' an opportunity to rule on the argument, and it is therefore waived;
Even assuming that the argument is not waived, we cannot say that Prudential acted arbitrarily or capriciously with regard to Burell’s anxiety and depression claim, particularly in light of the fact that our' “review of the administrator’s decision need not be particularly complex or technical; it need only assure that the administrator’s decision fall somewhere on a continuum of reasonableness — even if on the low end.” Corry v. Liberty Life Assurance Co. of Bos., 499 F.3d 389, 398 (5th Cir.2007) (quoting Vega v. Nat’l Life Ins. Servs., Inc., 188 F.3d 287, 297 (5th Cir.1999), overruled on other grounds by Glenn, 554 U.S. 105, 128 S.Ct. 2343). During each level of review, Prudential addressed Burell’s depression and anxiety claim. In its first denial letter, Prudential acknowledged that Burell’s medical records document “work related ■ stress and anxiety since April 2011” but that Burell was under treatment from a psychiatrist and his symptoms were improving. In its letter denying Burell’s first appeal, Prudential stated that “based'on the medical evidence, functional impairment is not supported from a physical, psychological or cognitive perspective.” And in its final denial of the claim, Prudential stated that “[w]hile Mr. Burell does have depression and anxiety, typically depression and anxiety do not cause large changes in cognitive functioning, and in Mr. Burell’s[] case there is no evidence of valid cógnitive impairment from any source.”
In light of this record, Burell has failed to raise a genuine dispute of material fact that Prudential abused its discretion in denying his claim for long-term disability benefits.
III. CONCLUSION
For the foregoing reasons, the district court’s grant of summary judgment is AFFIRMED.

. Burell also argues that there is a conflict between the Plan and the insurance contract because the insurance contract does not ex-. plicitly confer Prudential discretion and, as such, the language granting-Prudential discretionary authority must be ignored. But, as the district court correctly concluded, just because "the insurance contract is silent on this issue does not create a meaningful conflict between” the Plan and the insurance contract.