# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2019

No. 19-60118

Lyle W. Cayce
Clerk

DEL DENNIS,

      Plaintiff - Appellant

v.

ACADEMY, LIMITED; BERNICE HAMPTON-BEAN,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-1018

Before HIGGINBOTHAM, STEWART, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Plaintiff Del Dennis challenges the district court's summary judgment dismissal of his suit for discriminatory discharge under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. We AFFIRM.

I.

Del Dennis, who is black, was employed as a team leader by Defendant Academy Sports Ltd., a sporting and outdoor goods retailer. Dennis began

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

working for Academy as a team member in April 2014 and was promoted to the position of team leader in February 2015. Team leaders have greater responsibilities than team members and are held to a higher standard of conduct.

On April 13, 2017, Dennis was leaning on a cart inside Academy's warehouse when a white employee, Matt Brewer, pulled the cart out from under Dennis. Dennis yelled at Brewer, saying he could have said "excuse me." Brewer responded, "I know," and then walked away. Dennis confronted Brewer but was dissatisfied with Brewer's response.

Dennis spoke with Brewer's direct supervisor, Bernice Hampton-Bean, who is black. Dennis told her what happened and that some day someone will beat Brewer instead of speaking to his supervisor. According to Hampton-Bean, Dennis was visibly upset during the conversation. She also later said Dennis stated that he, personally, would beat Brewer. Dennis denies saying this.

Hampton-Bean spoke with Brewer, who told her he no longer felt safe coming to work. She then reviewed the surveillance tape and concluded that Brewer grabbed the cart without realizing Dennis was leaning on it. The tape was not produced during discovery and apparently no longer exists.

Hampton-Bean reported the incident to the store director, Matt Stewart, recalling her conversations with Dennis and Brewer. On May 8, 2017, Stewart, who is white, terminated Dennis's employment, citing the incident between Dennis and Brewer. Hampton-Bean also issued a final warning to Brewer for failing to act in a professional and acceptable manner.

19-60118

In December 2017, Dennis filed the instant suit against Academy and Hampton-Bean.[1] In November 2018, Defendants moved for summary judgment, which the district court granted. This appeal followed.

## II.

We review a grant of summary judgment *de novo*.[2] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

## III.

Title VII provides that it is "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race[.]"[4] Section 1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]"[5] Dennis provides no direct evidence of racial discrimination. Accordingly, we apply the *McDonnell Douglas* burden-shifting framework.[6]

---

[1] Plaintiff named Hampton-Bean as a co-defendant on the ground that her conduct amounted to tortious interference with Dennis's employment contract under Mississippi law. The district court, after dismissing the federal claims, also dismissed Plaintiff's state law claim without prejudice.

[2] *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016).

[3] FED. R. CIV. P. 56(a).

[4] 42 U.S.C. § 2000e-2(a)(1).

[5] The analysis of Dennis's § 1981 claim is identical to the analysis of his Title VII claim. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Under this framework, the plaintiff "carr[ies] the initial burden under the statute of establishing a prima facie case of racial discrimination." *Id.* at 802. Once the plaintiff has met this burden, it "shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* If the employer has articulated such a reason, then the plaintiff is "afforded a fair opportunity to show that [the employer's] stated reason for "[the employee's] rejection was in fact pretext." *Id.* at 804.

It is undisputed that Dennis, a member of a protected group, was qualified for his position and was subjected to an adverse employment action. Dennis contends this is a work-rule violation case, and the district court found a fact issue as to whether Dennis threatened Brewer. As a result, Dennis has made out a prima facie case.[7]

In response, Academy claims that it terminated Dennis because he violated its "Safe Workplace Policy" and his obligations as a team leader. Dennis does not dispute that Academy has produced a legitimate, non-discriminatory reason for terminating Dennis.

Instead, Dennis attempts to establish pretext. He first argues that "he has disputed each and every allegation by Academy through his testimony, and a jury could conclude that race was a motivating factor as Ms. Hampton-Bean chose to protect Brewer, who is white, by making fraudulent claims." But Dennis's testimony only demonstrates that the events are disputed. It falls short of evincing Hampton-Bean's or Academy's discriminatory intent.

Dennis next argues that a jury could reasonably infer pretext from Academy's failure to preserve and produce the surveillance tape of the incident. Because it is undisputed that Dennis failed to even request the video during discovery, this argument does not get off the ground.

Last, Dennis asserts that Hampton-Bean's alleged racial animus can be imputed to Stewart, the ultimate decisionmaker. To prevail on a "cat's paw theory," a plaintiff "must submit evidence sufficient to establish two conditions: (1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker possessed leverage, or exerted influence, over the titular

---

[7] *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) ("[A] prima facie case may be established by showing that the plaintiff did not violate the work-rule for which he was disciplined.").

decisionmaker."[8] Even if Dennis could establish that Hampton-Bean exerted influence over Stewart, Dennis has not established that Hampton-Bean exhibited discriminatory animus. Accordingly, no discriminatory animus can be imputed to Academy, and this argument fails.

## IV.

For the reasons set forth above and as stated in the district court's opinion, we affirm the district court's dismissal of Plaintiff's suit.

---

[8] *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004) (internal quotation omitted).