# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2021

Lyle W. Cayce
Clerk

No. 21-10012

Frymire Home Services, Incorporated; Whitfield Capital, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Ohio Security Insurance Company,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1938

Before Davis, Haynes, and Oldham, *Circuit Judges*.

Haynes, *Circuit Judge*:

Defendant Ohio Security Insurance Company ("OSIC") insured a commercial office building for Plaintiffs Frymire Home Services, Inc. and Whitfield Capital, LLC (collectively, "Plaintiffs"). A hailstorm severely damaged the roof of that building, leading Plaintiffs to seek coverage from OSIC pursuant to their policy. After OSIC denied their claim, Plaintiffs filed suit. The district court ultimately granted OSIC summary judgment, concluding that Plaintiffs' loss involved concurrent causes because the roof had some preexisting damage, that Plaintiffs consequently bore the burden of

No. 21-10012

allocating which portion of their loss came from this particular hailstorm, and that Plaintiffs had failed to introduce evidence demonstrating a genuine dispute of material fact on the subject.  We lack clear guideposts on those three determinations, and so, on our own motion, CERTIFY questions as to each to the Supreme Court of Texas.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO TEXAS CONSTITUTION ART. V, § 3-C AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

## I.      Style of the Case

The style of the case in which this certification is made is *Frymire Home Services, Inc. v. Ohio Security Insurance Company*, No. 21-10012, in the United States Court of Appeals for the Fifth Circuit.  The case is on appeal from the United States District Court for the Northern District of Texas.  Federal jurisdiction is based on diversity of citizenship.  Texas law applies to the substantive issues.

## II.      Background

From March 2018 to March 2019, Plaintiffs contracted with OSIC to insure an office building in Dallas, Texas from various forms of loss.  The policy specifically covered losses caused by "windstorm or hail," the bane of North Texas's roofs.  But the policy did not cover all wind and hail damage; as relevant here, it excluded "cosmetic" damage to the roof, as well as "wear and tear" on the building more generally.

No. 21-10012

Plaintiffs allege that a storm swept through the area in June 2018, causing significant wind and hail damage to their building. That damage, Plaintiffs assert, was so severe that the roof needed to be repaired or replaced. They submitted a claim to OSIC, which OSIC denied on the grounds that its own investigations had concluded that wear and tear—not wind and hail— had caused the damage.

OSIC's conclusion is hotly contested. Specifically, an evaluation of the roof performed by Plaintiffs' adjuster Brady Sandlin suggested that, notwithstanding some preexisting damage, the June 2018 hailstorm was the sole cause of Plaintiffs' losses. In Sandlin's words, although some non-covered damage from before the policy period was "possible," this particular hailstorm had "caused the damage that requires the roof to be replaced."[1]

With OSIC declining to cover the repair or replacement costs, Plaintiffs filed suit in state court, bringing breach of contract and related extra-contractual claims under Texas state law. OSIC removed the case to federal district court and moved for summary judgment. The district court granted OSIC's motion as to all of Plaintiffs' claims. Plaintiffs timely appealed.

### III.    Jurisdiction & Legal Standards

The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] Although OSIC moved to strike Sandlin's declaration on the grounds that it contradicted his deposition testimony, the district court did not resolve that motion on the merits in light of its ruling on the summary judgment motion. We conclude that there was no fatal inconsistency between Sandlin's declaration and his testimony for summary judgment purposes; any potential discrepancies would be for the jury to consider at trial.

No. 21-10012

While the ultimate issue in this appeal is whether the district court correctly granted OSIC summary judgment (an issue we review de novo, applying the same standards as the district court, *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016)), we believe that a set of certified questions to the Texas Supreme Court will significantly aid us in resolving this appeal.[2]  To determine whether certification is appropriate, we weigh three factors: (1) "the closeness of the question[s]"; (2) federal–state comity; and (3) "practical limitations," such as the possibility of delay or difficulty of framing the issue.  *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 522 (5th Cir. 2015) (quotation omitted).  Those factors have supported our decision to certify important insurance law questions in the past.  *See, e.g.*, *Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739 (5th Cir. 2011) (per curiam), *certified questions answered*, 370 S.W.3d 377 (Tex. 2012).

## IV.    Discussion

The central issue in this case is whether Plaintiffs have provided enough evidence for a reasonable jury to conclude that the June 2018 hailstorm provided covered losses.  Resolving that issue appears to require us to answer three questions: (1) whether any preexisting damage to the roof makes this a concurrent cause case; (2) if so, whether Plaintiffs—who provided evidence suggesting that the covered hailstorm is the sole reason the roof must be repaired or replaced—must nonetheless attribute their

---

[2] The Texas Constitution grants the Supreme Court of Texas the power to answer questions of state law certified by a federal appellate court. Tex. Const. art. V, § 3-c(a). Texas rules provide that we may certify "determinative questions of Texas law" that have "no controlling Supreme Court [of Texas] Precedent." Tex. R. App. P. 58.1.

Although neither party requested certification in this case, we can certify questions to the Supreme Court of Texas on our own motion, and that court has graciously accepted us doing so in the past. *Norris v. Thomas (In re Norris)*, 413 F.3d 526, 527 (5th Cir. 2005) (per curiam), *certified question answered*, 215 S.W.3d 851 (Tex. 2007).

losses; and (3) if so, whether Plaintiffs can satisfy any such attribution obligation by implicitly attributing all of their losses to the hailstorm.

There does not seem to be a decision by the Texas Supreme Court squarely governing the resolution of these questions. The primary authority we see is *Lyons v. Millers Casualty Insurance Co. of Texas*, but we are uncertain as to the limits of the legal rule pronounced in that case. 866 S.W.2d 597, 601 (Tex. 1993). Certainly, the rule itself appears to be relatively straightforward: *Lyons* says that, when a loss is caused by both covered and non-covered perils, an insured must present "some evidence" to attribute the loss to just the covered peril. *Id.* But *Lyons* does not answer how a claim becomes subject to this concurrent cause rule, merely what happens when the rule applies. Moreover, its particular reasoning on that score appears at least partially wrapped up in the trial posture in which the case arose; the court concluded that a jury was justified in attributing all damage to a covered peril in light of non-expert testimony indicating that there was no preexisting damage to aspects of the insured property. *Id.*

This case raises the difficult specter of whether any "wear and tear" on a roof triggers the "concurrent cause" scenario in building insurance cases. The extremes suggested by the parties' arguments are troubling: it would be a rare roof that lacks wear and tear—but such cosmetic "defects" are rarely the reason for roof damage that causes leaking and holes in the roof. Put another way, an ugly roof can function until it is hit by a hailstorm. Would the hail damage that rendered it nonfunctional be covered in full?

Our reading of *Lyons* is that it does not resolve this issue: whether the *presence* of any preexisting damage necessarily triggers the concurrent cause

doctrine.[3] That question is especially pertinent in the procedural posture we face, as we must examine the record before us in the light most favorable to Plaintiffs and so must give credence to evidence suggesting that the preexisting roof damage played no role in causing the loss. We are, in short, not sure we can even call this case a concurrent cause case at this point in the proceedings. Moreover, even if this case is appropriately labeled as such, *Lyons* also appears to leave open related questions about the doctrine, including whether insureds advancing a sole-cause theory nonetheless bear an attribution burden (especially in pre-trial proceedings) when faced with preexisting damage, as well as whether insureds can satisfy any such burden with evidence suggesting that the covered peril caused the entirety of the loss.

Other courts' application of *Lyons* confirms our sense that these aspects of concurrent cause doctrine are unsettled. *Compare Wallis v. United Servs. Auto Ass'n*, 2 S.W.3d 300, 302–04 (Tex. App.—San Antonio 1999, pet. denied), *with Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 574–76 (Tex. App.—San Antonio 2011, pet. denied). To be sure, we recently resolved a somewhat similar hailstorm case, *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, using the doctrine. 892 F.3d 167, 171 (5th Cir. 2018). But that case is distinguishable insofar as the insured there had failed to produce any evidence suggesting that the particular covered hail damage was the sole cause of the loss. *Id.* Without such evidence, we

---

[3] The typical concurrent cause case, it seems to us, involves two simultaneous perils—say, water and wind from a hurricane—one of which is covered and one of which is not, rather than a singular covered peril on top of preexisting damage. The doctrine also seems applicable to a situation where the preexisting damage (say, a soggy roof covering) actually did contribute to the current damage (say, without that soggy roof covering, the wind on that day would not have caused the roof to crash). But whether simply saying that the roof was not 100% perfect prior to the storm triggers the "concurrent cause" world is another question entirely.

No. 21-10012

concluded, the case was (at best) a concurrent cause case in which the insured had failed to attribute loss to the covered peril, making summary judgment appropriate. *Id.* at 171–72. Unlike in *Lowen Valley*, however, Plaintiffs here *did* produce some evidence—Sandlin's declaration—suggesting that the roof damage was solely caused by the covered hailstorm. Because we have a more fulsome record, *Lowen Valley* does not squarely resolve the issues we face in this case.[4]

In sum, determinative questions central to this appeal appear open. There are also strong comity interests at play: the final arbiters of state law should have a say on important questions regarding state insurance law. Practical considerations likewise favor certification; there is no reason to think that certification would cause undue delay—to the contrary, the Texas Supreme Court is known for its "speedy, organized docket." *Degan v. Bd. of Trs. of Dall. Police & Fire Pension Sys.*, 766 F. App'x 16, 19–20 (5th Cir. 2019) (per curiam), *certified questions answered*, 594 S.W.3d 309 (Tex. 2020). We therefore conclude that certification is warranted.

## V.    Questions Certified

We respectfully request that the Texas Supreme Court address and answer the following questions.

(1) Whether the concurrent cause doctrine applies where there is any non-covered damage, including "wear and tear" to an

---

[4] While *Lowen Valley* is distinguishable and therefore not controlling under our rule of orderliness, we recognize that the case poses some quandaries concerning the proper scope of the concurrent cause doctrine. Simply stated, it is possible that we have put some cases in that bucket that are more appropriately characterized as sole cause (or no cause) cases, or possible that we have otherwise misconstrued the concurrent cause attribution requirement in some way. *Cf. Lyons*, 866 S.W.2d at 601. If we have, we hope that the questions we certify today will help us conform our approach to Texas law.

insured property, but such damage does not directly cause the particular loss eventually experienced by plaintiffs;

(2) If so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the particular loss; and

(3) If so, whether plaintiffs can meet that burden with evidence indicating that the covered peril caused the entirety of the loss (that is, by implicitly attributing one hundred percent of the loss to that peril).

## VI.     Conclusion

We disclaim any intent that the Texas Supreme Court confine its reply to the precise form or scope of the legal questions we certify.  We transfer to the Texas Supreme Court the record and appellate briefs in this case with our certification.  We retain this appeal pending the Texas Supreme Court's response.

QUESTIONS CERTIFIED TO THE SUPREME COURT OF TEXAS.