# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 21-10462

Harold Franklin Overstreet,

*Plaintiff—Appellant*,

*versus*

Allstate Vehicle and Property Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-242-A

Before Higginson, Willett, and Ho, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

Hail damage, and thus hail-damage litigation, is ubiquitous in Texas, home to some of the nation's most extreme weather. And severe weather events often pose complicated issues of causation when multiple perils, some covered and some uncovered, combine to damage property. Under Texas's "concurrent causation doctrine," when insured property is damaged by a combination of covered and uncovered causes, the insured must prove how much of the damage is solely attributable to the covered cause. But courts

No. 21-10462

have sent mixed signals about when the concurrent causation doctrine applies, and what the doctrine requires when it does.

This case is about a leaky roof. Harold Franklin Overstreet says the leak was caused by a strong hailstorm that hit his neighborhood shortly after he purchased the policy. Allstate argues that almost all the roof damage was due to uncovered causes, namely a combination of wear and tear and earlier hailstorms that hit the roof before Overstreet purchased the policy. The district court granted summary judgment to Allstate because Overstreet did not prove what damages were solely attributable to the covered storm.

There are substantial gaps in the concurrent causation doctrine, and this case poses significant consequences for the Texas insurance market. Therefore, we CERTIFY three questions to the Supreme Court of Texas— the same verbatim questions a different panel of this court certified in a similar case less than a year ago, a case that settled soon after certification.[1]

I

Harold Franklin Overstreet bought a home insurance policy from Allstate that covered damage from wind and hail. Overstreet's roof was about three years old when he purchased the policy. On June 6, 2018 a wind and hail storm hit the area where he lived, allegedly damaging his roof. Overstreet reported a loss to Allstate, whose adjuster estimated the value of the loss at only $1,263.23. Because this amount was less than the deductible, Allstate paid Overstreet nothing.

Overstreet disagreed with Allstate's valuation. He said that his roof never leaked before 2018 but started leaking right after the June 6, 2018

---

[1] *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 471 (5th Cir. 2021), *certified question accepted* (Sept. 10, 2021), *certified question dismissed* (Dec. 3, 2021).

storm. He also relied on the testimony of his expert Mark Earle, who testified that he inspected the roof and saw evidence of hail damage. Earle relied on meteorological data which showed that hailstorms hit the property both before and after the insurance policy became effective. That data showed that storms accompanied by 0.75" hail hit before Overstreet purchased the policy. The June 6 storm was more violent, accompanied by 1.25" hail. While Earle testified that 0.75" hail can damage a roof, he says the damage he found was more consistent with the 1.25" hail that fell on June 6.

Overstreet filed suit in state court. Allstate removed the case to federal court. After some motions practice not relevant to this appeal, Overstreet filed a Second Amended Complaint which claimed breach of contract and various violations of the Texas Insurance Code. Allstate moved for judgment on the pleadings on most of Overstreet's Insurance Code claims—but not his breach of contract claim or his claim under Insurance Code § 541.060(a)(2)(A) (the "prompt payment claim"). The district court granted Allstate's motion in part, only leaving in place Overstreet's claim under § 541.060(a)(7) of the Insurance Code (which alleged that Allstate failed to conduct a reasonable investigation).[2] The district court also sua sponte dismissed Overstreet's prompt payment claim.[3]

Allstate later moved for summary judgment on Overstreet's remaining claims for breach of contract and failure to conduct a reasonable investigation. The district court granted Allstate's motion because it found that Overstreet's losses involved concurrent causes and Overstreet had not carried his burden of proving how much damage came from the June 6, 2018

---

[2] *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:20-CV-242-A, 2020 WL 6132229, at *1–4 (N.D. Tex. Aug. 25, 2020) ("*Overstreet I*").

[3] *Id.* at *4.

storm alone.[4] The district court entered final judgment, and Overstreet appealed.

## II

Texas's concurrent causation doctrine instructs that "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage."[5] That is, the insured must "segregate covered losses from non-covered losses."[6] But questions remain about when the doctrine applies, and what plaintiffs must prove when it does. First, does "any preexisting damage to [a] roof" trigger the concurrent causation doctrine?[7] Second, must plaintiffs allocate their losses even if they "provide[] evidence suggesting that the covered hailstorm is the sole reason the roof must be repaired or replaced"?[8] Third, assuming the answer to the second question is "yes," can plaintiffs "satisfy any such attribution obligation by implicitly attributing all of their losses to the hailstorm"?[9] Last year a panel of our court considered a similar case and concluded that Texas law does not resolve any of these issues.[10] We agree.

---

[4] *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:20-CV-242-A, 2021 WL 1238299, at *1–4 (N.D. Tex. Apr. 2, 2021) ("*Overstreet II*").

[5] *Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 601 (Tex. 1993).

[6] *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004), *certified question accepted* (Jan. 21, 2005), *certified question answered*, 202 S.W.3d 744 (Tex. 2006).

[7] *Frymire*, 12 F.4th at 471.

[8] *Id.*

[9] *Id.*

[10] *See id.*

No. 21-10462

The primary authority on concurrent causes is *Lyons v. Millers Casualty Insurance Co. of Texas*, but that case left several important questions unresolved. The first of these is whether the presence of any preexisting damage triggers the concurrent causation doctrine. In *Lyons* the concurrent causes—a covered storm and uncovered structural problems—were both substantial.[11] But in *Frymire*, the only prior damage was ordinary wear and tear.[12] This case falls somewhere between the two. Overstreet's roof had ordinary wear and tear and had also been hit with hail before the policy began (though the parties hotly contest whether that hail damaged the roof or caused the roof to fail).[13]

Faced with similar factual disputes, some courts have said that concurrent causation is a question for the jury.[14] Others have suggested that if the plaintiff agrees there was any uncovered damage—even just minor wear and tear that did not impair the insured roof's function—the plaintiff must apportion damages.[15]

---

[11] *Lyons*, 866 S.W.2d at 601.

[12] *Frymire*, 12 F.4th at 471.

[13] One "sideshow" in the parties' contest is Allstate's argument that the district court held Earle's declaration was a "sham." But the district court did no such thing. It explicitly declined to rule on Allstate's evidentiary motions. *See Overstreet II*, 2021 WL 1238299, at *2 n.6.

[14] *See, e.g.*, *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 575–76 (Tex. App.—San Antonio 2011, pet. denied); *State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 320–21 (Tex. App.—San Antonio 2002, pet. denied), *abrogated on other grounds by Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20 (Tex. 2008); *see also Utica Nat. Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 204 (Tex. 2004) (noting that "without a finding" by the "finder of fact," "we cannot determine whether this case involves concurrent causes").

[15] *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 304 (Tex. App.—San Antonio 1999, pet. denied) (affirming a trial court's decision overturning a jury's verdict where the jury had determined that 35 percent of the damage resulted from a covered cause

No. 21-10462

We are also unsure whether the doctrine applies if, examining the record in the light most favorable to the plaintiff, the covered peril caused the entire loss. Similarly, we are unsure whether, even assuming a plaintiff must attribute losses in this situation, attributing 100% of the damage to a covered peril satisfies an insured's burden.[16] As we noted in *Frymire*, "an ugly roof can function until it is hit by a hailstorm. Would the hail damage that rendered it nonfunctional be covered in full?"[17] Existing precedents do not yield a clear answer.

In sum, we agree with *Frymire* that determinative questions about the concurrent causation doctrine remain unresolved.[18] Federal-state comity interests also support certification, as this case involves a significant issue of state insurance law. Practical considerations likewise favor certification, as the Texas Supreme Court is rightly hailed for its "speedy, organized docket."[19] We will therefore certify the same questions certified in *Frymire*.[20]

---

but because the plaintiff's expert had contended that 100% of the damage was caused by covered events and did not apportion damages).

[16] *Compare Presswood*, 2017 WL 7051074, at *4, *and Cantu*, 399 S.W.3d at 575–76, *and Rodriguez*, 88 S.W.3d at 320–21, *with Wallis*, 2 S.W.3d at 304.

[17] *Frymire*, 12 F.4th at 471.

[18] *Id.* at 472.

[19] *Degan v. Bd. of Trs. of Dall. Police & Fire Pension Sys.*, 766 F. App'x 16, 19–20 (5th Cir. 2019) (per curiam), *certified questions answered*, 594 S.W.3d 309 (Tex. 2020).

[20] Overstreet also argues that the district court erred in dismissing his bad faith and prompt payment claims. The district court held that these claims were derivative of Overstreet's breach of contract claim. We withhold judgment on this issue while we wait for the Supreme Court of Texas's opinion.

No. 21-10462

## III

We respectfully request that the Supreme Court of Texas answer these three questions:

1. Whether the concurrent cause doctrine applies where there is any non-covered damage, including "wear and tear" to an insured property, but such damage does not directly cause the particular loss eventually experienced by plaintiffs;

2. If so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the particular loss; and

3. If so, whether plaintiffs can meet that burden with evidence indicating that the covered peril caused the entirety of the loss (that is, by implicitly attributing one hundred percent of the loss to that peril).[21]

We disclaim any intention or desire that the Court confine its reply to the precise form or scope of the questions certified.

QUESTIONS CERTIFIED.

---

[21] *Frymire*, 12 F.4th at 472.