**A True Copy**
**Certified Jul 12, 2023**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2023

Lyle W. Cayce
Clerk

––––––––––––––

No. 22-11070

––––––––––––––

Mario Rodriguez,

*Plaintiff—Appellant*,

*versus*

Safeco Insurance Company of Indiana,

*Defendant—Appellee*.

––––––––––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-168

––––––––––––––––––––––––––––––––––––––

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.
Dana M. Douglas, *Circuit Judge*:

Mario Rodriguez ("Rodriguez") appeals the district court's summary judgment of his claims against Safeco Insurance Company of Indiana ("Safeco") for violating § 541 and § 542 of the Texas Insurance Code. In 2017, the Texas legislature amended § 542, raising an important issue of Texas insurance law as to which there is no controlling Texas Supreme Court authority, and the authority from the intermediate state appellate courts provides insufficient guidance. Thus, we CERTIFY the relevant question to the Supreme Court of Texas. *See* Tex. Const. art. V, § 3-c(a); Tex. R. App. P. 58.1.

I.

On May 25, 2019, a tornado struck the home of Rodriguez.  At the time of the storm, Rodriguez was insured by Safeco.  After inspecting the property, an adjuster found covered damage to the home totaling $1,295.55.  Dissatisfied with Safeco's handling of the claim and the amount of the payment, on April 17, 2020, Rodriguez sent Safeco notice that he believed he was entitled to an additional $29,500 under the policy.  The notice stated that Rodriguez did not wish to litigate but he intended to file suit if a resolution was not reached in 60 days.

After no response, Rodriguez filed suit on June 18, 2020, alleging unfair settlement practices in violation of § 541 of the Texas Insurance Code, and delayed payment in violation of § 542 of the Texas Insurance Code — known as the Texas Prompt Payment of Claims Act ("TPPCA").

On July 21, 2021, Safeco invoked the appraisal provision under the policy and on April 5, 2022, the appraisal panel determined that the replacement cost value of the damage to Rodriguez's home was $36,514.52.  Safeco paid Rodriguez $32,447.73, claiming the amount represented the actual cash value of the appraisal award, less the deductible, policy limits, and prior payment.  Safeco also paid Rodriguez $9,458.40, claiming the amount represented "any conceivable interest Plaintiff could allege to be owed under the [TPPCA] on the above-referenced appraisal award payment."

On July 15, 2022, Safeco filed a motion for summary judgment, arguing that, in light of the 2017 amendments to § 542 of the Texas Insurance code, § 542A, its payment of the appraisal award plus interest foreclosed Rodriguez's claim for attorney's fees under the TPPCA and eliminated all remaining claims.  Rodriguez argued that the legislature did not intend the amendments to read attorney's fees out of the TPPCA in the appraisal context.

No. 22-11070

The district court granted the motion and dismissed all claims,[1] holding that, "[a]lthough the issue presents policy factors that weigh in favor of each possible outcome, the Court finds that the legislature's intent appears clear when enacting Chapter 542A of the Texas Insurance Code to limit attorney's fees." *Rodriguez v. Safeco Ins. Co. of Ind.*, No. 5:220-CV-168-C, 2022 WL 6657888, at *1 (N.D. Tex. Oct. 3, 2022) (citing Tex. Ins. Code § 542A.007(a)). The district court reasoned that "[i]t must be presumed that the legislature was aware of the conflict Chapter 542A would have with the [TPPCA] and chose to limit attorney's fees anyway." *Id.* (citation omitted).

## II.

The TPPCA imposes several requirements on insurers, one of which is that if the insurer delays payment of a claim for more than the applicable statutory period or 60 days, the insurer shall pay TPPCA damages. *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812-13 (Tex. 2019) (citations omitted). Those damages include statutory interest on the claim along with reasonable and necessary attorney's fees. *See* Tex. Ins. Code § 542.060(a).

In September 2017, the Texas Legislature amended the TPPCA. *See* Tex. Ins. Code § 542A. Codified as Chapter 542A, the amendments changed, among other things, the method for determining the amount of attorney's fees and interest that a court may award under the TPPCA in weather-related insurance disputes.[2] *See* Tex. Ins. Code §§ 542A.001,

---

[1] As to Rodriguez's § 541 claim, we AFFIRM. The appraisal costs in this case "flow" and "stem" from the denial of Rodriguez's claim, thus, the costs do not meet the independent injury rule under *Menchaca*. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499-500 (Tex. 2018).

[2] The statute defines a first party "claim" as one that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an

No. 22-11070

.007. The new method limits the available attorney's fees by applying the following formula:

> (a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:
>
> > (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
> >
> > (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
> >
> > (3) the amount calculated by:
> >
> > > (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and
> > >
> > > (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a).

While the Texas Supreme Court has previously held that payment of an appraisal award does not eliminate a policyholder's ability to collect TPPCA damages, such as attorney's fees, *see Barbara Techs.*, 589 S.W.3d at

---

earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." Tex. Ins. Code § 542A.001.

829; *see also Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 658 (Tex. 2021), and a Texas appellate court clarified that a pre-payment of interest does not change this finding, *see Tex. Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488, 490 (Tex. App. —Houston [14th Dist.] 2022, no pet.), these cases were not subject to the amendments in § 542A.[3]

Thus, the central issue in this case is how, if at all, the amendments in § 542A change a policyholder's ability to collect TPPCA damages, such as attorney's fees, when the insurer pays an appraisal award and estimated interest.

The federal courts that have addressed this issue are split. Some courts have held that, "[t]he plain language of Section 542A.007(a) makes clear that payment of the appraisal award extinguishes a plaintiff's right to attorney's fees under the TPPCA." *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *5 (E.D. Tex. Mar. 30, 2023). Others, however, have held that, "[a]lthough it is true that the Texas legislature intended to place a limit on attorney's fees through § 542A.007, there is no indication that the Texas legislature intended to read attorney's fees out of statute for all practical purposes." *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019). The court in *Gonzalez* found that such an interpretation of § 542A.007 would mean that "insurers could systematically avoid liability for TPPCA attorney's fees by (i) first, paying only a small fraction of the alleged claim amount to a claimant, (ii) second, invoking appraisal, and (iii) third,

---

[3] It is undisputed that § 542A applies to this case. Not only do the parties not dispute that § 542A applies, but § 542A applies to all weather-related lawsuits that were filed after September 1, 2017. Here, Rodriguez filed this lawsuit after a tornado that occurred in 2020.

only following appraisal, paying the difference and any interest owed to the claimant." *Id.*

## III.

Under Texas appellate rules, "[t]he Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court [of Texas] precedent." *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020) (citing Tex. R. App. P. 58.1). We look to three factors to determine whether certification is proper:

> (1) the closeness of the question and the existence of sufficient sources of state law;

> (2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

> (3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

*Id.* (quoting *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 332 (5th Cir. 2018)). Here, each factor advises that we certify.

Applying the first factor, only one state appellate court has ruled on this issue, *see Rosales v. Allstate Vehicle and Prop. Ins. Co.*, No. 05-22-00676-CV, 2023 WL 3476376, at *1 (Tex. App. —Dallas, May 16, 2023), and, as stated above, federal courts applying Texas law are split.[4] Turning to the

---

[4] *Compare Saleme v. State Farm Lloyds*, No. 1:18-CV-00632-MAC-ZHJ, 2023 WL 4206177, at *5 (E.D. Tex. Aug. 27, 2021); *Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-4411, 2021 WL 2211799, at *4 (S.D. Tex. June 1, 2021); *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020); *Moncivais v. Allstate Tex. Lloyds*, No. 5-18-CV-00525-OLG-RBF, 2020 WL 5984058, at *5 (W.D. Tex. Oct. 8, 2020); *Mancha v. Allstate Tex. Lloyd's*, No. 5:18-CV-00524-OLG, 2020

second factor, there are strong comity interests at play: "the final arbiters of state law should have a say on important questions regarding state insurance law." *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021). Finally, practical considerations favor certification: "there is no reason to think that certification would cause undue delay — to the contrary, the Texas Supreme Court is known for its 'speedy, organized docket.'" *Id.* (citation omitted). We therefore conclude that certification is warranted.

IV.

We certify the following question of state law to the Supreme Court of Texas:

> In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?

***

We disclaim any intention or desire that the Court confine its reply to the precise form or scope of the question certified.

QUESTION CERTIFIED.

--------------------------------

WL 8361926, at *3 (W.D. Tex. Feb. 26, 2020); *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019) *with Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *3 (E.D. Tex. Mar. 30, 2023); *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-00102, 2022 WL 17828980, at *9 (S.D. Tex. Nov. 14, 2022); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2022 WL 2954338, at *2 (S.D. Tex. July 26, 2022); *Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *8 (W.D. Tex. Aug. 24, 2022); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. H-19-3992, 2020 WL 6123131, at *6 (S.D. Tex. Aug. 20, 2020); *Pearson v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at *4 (N.D. Tex. Jan 17, 2020).