# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2023

Lyle W. Cayce
Clerk

No. 23-40123

Shree Rama, LLC,

*Plaintiff—Appellant*,

*versus*

Mt. Hawley Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-91

Before Clement, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Shree Rama, LLC owns a hotel in a city devastated by Hurricane Hanna in 2020. It submitted a claim for damage to its property insurer, Mt. Hawley Insurance Company. Mt. Hawley determined that the damage was caused by wear and tear, not the hurricane, and denied coverage. Shree Rama sued. A magistrate issued a report recommending summary judgment for Mt. Hawley, which the district court granted. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40123

# I

Shree Rama, LLC owns a hotel in Brownsville, Texas. The property is insured by Mt. Hawley Insurance Company. As relevant here, the insurance policy covers direct physical loss or damage to the hotel, including from wind. It explicitly disclaims coverage for damage from wear or tear.

In 2019, Shree Rama submitted a claim for wind damage to the roof. An adjustor sent by Mt. Hawley found roof damage, but none attributable to wind. Instead, the adjustor traced the loss to wear and tear alone. Mt. Hawley, relying on the adjustor's report, denied Shree Rama's claim.

Shree Rama filed another claim for roof damage in July 2020, after Hurricane Hanna devastated Brownsville. Mt. Hawley again sent an adjustor to inspect the hotel. This time, the adjustor found a minor amount of roof damage attributable to the hurricane. But because the amount of hurricane damage fell below Shree Rama's deductible, Mt. Hawley did not issue a payment. Shree Rama then commissioned its own inspection. This inspection did not attribute any additional damage to Hurricane Hanna. It did, however, conclude that wear and tear had made the roof too brittle to spot repair and that it would need to be replaced in full. Shree Rama requested Mt. Hawley cover the cost of a new roof.

Mt. Hawley forwarded the request to an adjustor who recognized the roof damage attributed to the hurricane as identical to the damage Shree Rama claimed in 2019. A second adjustor confirmed that Shree Rama was simply re-claiming damage from 2019. Because Mt. Hawley had already concluded that this damage came from wear and tear, not wind, it again denied Shree Rama's claim.

Believing it was entitled to a payout, Shree Rama sued Mt. Hawley in state court for breach of contract. Shree Rama also alleged fraud, bad faith, and violations of the Texas Insurance Code arising from breach. Mt. Hawley

removed the case to federal court and moved for summary judgment. A magistrate judge recommended granting Mt. Hawley's motion, concluding that there were no disputes of material fact. The district court adopted the recommendation and closed the case.

Shree Rama timely appealed, and we now affirm.

## II

In this diversity case, we review the district court's grant of summary judgment *de novo*. *See Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015) (citing *Equal Emp. Opportunity Comm'n v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009)). Summary judgment is warranted when, viewing the evidence in the light most favorable to the nonmovant, there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Doe v. William Marsh Rice Univ.*, 67 F.4th 702, 707 (5th Cir. 2023).

## III

The magistrate and district court correctly concluded that summary judgment was warranted for Mt. Hawley as to the breach of contract claim. Insurers are liable only for losses covered by an insurance policy. *See Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). And under the concurrent causation doctrine, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Id.*

Shree Rama did not carry its burden under the concurrent causation doctrine. The policy issued by Mt. Hawley explicitly covers damage from wind and explicitly excludes damage from wear and tear. Viewing the facts in the light most favorable to Shree Rama, it is possible that some damage to the hotel roof came from Hurricane Hanna and some from wear and tear. But

the concurrent causation doctrine requires Shree Rama to provide the jury with "a reasonable basis" for allocating the damage between wind and wear and tear. *See Millers*, 866 S.W.2d at 601. Shree Rama provided no reasonable basis. To the contrary, Shree Rama admitted at the district court level that its causation expert "could not definitively attribute [specific damages to the roof] to Hurricane Hanna when deposed." *Shree Rama, LLC v. Mt. Hawley Ins. Co.*, No. 1:21-CV-00091, 2023 WL 375358, at *1 (S.D. Tex. Jan. 24, 2023). Without a basis for allocating damages between covered and non-covered causes, Mt. Hawley was entitled to summary judgment.

Shree Rama nevertheless argues that the concurrent causation doctrine does not apply. To support this contention, it points to two cases from our court where we certified to the Texas Supreme Court the question whether wear and tear triggers the concurrent causation doctrine. *See Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021); *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 34 F.4th 496, 499 (5th Cir. 2022). But, as we acknowledged in *Frymire*, without evidence from the insured "suggesting that the particular covered . . . damage was the sole cause of the loss," a case is "(at best) a concurrent cause case in which the insured ha[s] failed to attribute loss to the covered peril." 12 F.4th at 472. In such cases, summary judgment is appropriate. *Id.* Shree Rama provided no evidence suggesting that Hanna was the sole cause of damage to the hotel roof. Nor could it. Shree Rama had filed an insurance claim for the same roof damage one year before the storm. As noted above, Shree Rama's expert even testified that he could not definitively designate the storm the sole cause of damage.[1]

---

[1] Shree Rama briefly renews its argument that Mt. Hawley's first inspection report, which found a small amount of damage attributable to Hanna, provides the reasonable basis. An insurer may determine the source of some damage, only for a later report to

Given the lack of evidence suggesting Hurricane Hanna was the sole cause of any damage to the hotel roof, the district court correctly concluded that Shree Rama had not met its burden to allocate damages between covered and non-covered causes and granted summary judgment to Mt. Hawley accordingly.

## IV

The district court also correctly granted summary judgment to Mt. Hawley on Shree Rama's remaining claims. "When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010); *see also USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) ("The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."). Insurers can "commit some act, so extreme, that would cause injury independent of the policy claim," *id.* at 499 (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)), but no act alleged by Shree Rama is so extreme.

Finally, although a fraud claim may survive independent of a claim for breach of contract or right to receive benefits, Shree Rama has not provided evidence indicating that Mt. Hawley acted knowingly or recklessly. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) ("A common-law fraud claim requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted

---

discredit that determination. When that happens, as it did here, the initial determination will not provide a sufficient basis for allocating damages. *See Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 171–72 (5th Cir. 2018).

No. 23-40123

without knowledge of its truth.") (internal quotation marks omitted). Summary judgment was thus proper.

## V

For the foregoing reasons, we affirm.