# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-11070

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2024

Lyle W. Cayce
Clerk

Mario Rodriguez,

*Plaintiff—Appellant*,

*versus*

Safeco Insurance Company of Indiana,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-168

———————————————————————

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After a tornado struck Mario Rodriguez's home, he notified his insurer, Safeco Insurance Company of Indiana ("Safeco"). In response, Safeco sent an adjuster, who inspected the home and determined the cash value of the damage. Believing that amount insufficient, however, Rodriguez sent Safeco a notice explaining that he was entitled to more money under his insurance policy. Although Safeco received the letter, it never replied. So

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Rodriguez pursued litigation, citing the Texas Prompt Payment of Claims Act ("TPPCA"), a statute that aims to prevent insurers from delaying payment of claims. *See* Tex. Ins. Code § 542. If an insurer violates the TPPCA, the statute mandates that insurers pay damages, including statutory interest on the claim along with reasonable and necessary attorney's fees. *Id.* § 542.060.

More than a year after Rodriguez filed his lawsuit, Safeco invoked a provision in the policy that permits an appraisal by disinterested third parties. The appraisal panel determined the replacement cost value of the damage to Rodriguez's home, and Safeco paid the amount in full minus the deductible, policy limits, and prior payment. Safeco also paid Rodriguez an additional sum, claiming that the supplementary amount represented "any conceivable interest Plaintiff could allege to be owed under the [TPPCA] on the above-referenced appraisal award payment."

Though Safeco believed that its payments resolved the lawsuit, Rodriguez disagreed. As pertinent here, Rodriguez claimed that he was entitled to attorney's fees under the TPPCA. The parties' dispute was rooted in the Texas legislature's recent amendment to the statute, which changed the method for determining the amount of attorney's fees and interest that a court may award for weather-related insurance disputes. *See* §§ 542A.001–.007. Relevant to Rodriguez's case, the new method involves a two-step calculation. *Id.* § 542A.007(a)(3). Step one requires dividing the amount to be awarded in the judgment by the amount the insured demanded before filing suit. *See id.* § 542A.007(a)(3)(A). The second step calls for multiplying the figure from step one by "the total amount of reasonable and necessary attorney's fees supported at trial . . . ." *Id.* § 542A.007(a)(3)(B).

Because Safeco paid all amounts owed under the policy plus any possible statutory interest, it said the amount to be awarded in the judgment

was zero. And because zero divided or multiplied by any other number is zero, Safeco reasoned that Rodriguez was not entitled to attorney's fees. Safeco accordingly moved for summary judgment, and the district court granted the motion, dismissing all of Rodriguez's claims. Rodriguez timely appealed that ruling.

In addressing Rodriguez's challenge on appeal, we recognized the difficulty in applying the TPPCA attorney's fee provision in dispute. *Rodriguez v. Safeco Ins. Co. of Ind.*, 73 F.4th 352, 356 (5th Cir. 2023), *certified question accepted* (July 21, 2023), *certified question answered,* No. 23-0534, 2024 WL 388142 (Tex. Feb. 2, 2024). The problem was that state and federal courts reviewing the same statute had reached conflicting conclusions. *Id.* at 355. Some courts held that the modified attorney's fee provision did not apply in situations like Rodriguez's, while others took a different view. *Id.* Considering this split in state authority, we certified the following question to the Texas Supreme Court:

> In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?

*Id.* at 356.

The Court recently answered that question in the affirmative. *Rodriguez*, 2024 WL 388142, at *5. It held that "[S]ection 542A.007 of the Insurance Code prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions." *Id.* at *2. In this case, Safeco discharged its policy obligations and paid the necessary statutory interest. The Texas Supreme Court's holding thus requires that we AFFIRM the district

court's judgment in all respects.[1] All pending motions are DENIED as moot.

---

[1] In our prior panel opinion, we affirmed the district court's ruling concerning Rodriguez's challenge arising under § 541 of the Texas Insurance Code. *Rodriguez*, 73 F.4th at 353 n.1. The only remaining issue on appeal was the one that the Texas Supreme Court squarely addressed.